352 So.2d 954 (1977)
Craig HORNSBY, Appellant,
v.
STATE of Florida, Appellee.
No. EE-164.
District Court of Appeal of Florida, First District.
December 14, 1977.
*955 Joseph A. St. Ana, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Albritton, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
By an amended information filed May 23, 1975, Hornsby was charged in Count I with entering without breaking with intent to commit a misdemeanor, to-wit: petit larceny, contrary to F.S. 810.03; in Count II with possession of more than five grams of cannabis; and in Count III with conspiracy to commit the felony of entering without breaking with intent to commit petit larceny. Hornsby was charged with having committed the offenses on July 3, 1974. On October 29, 1976, after a trial by jury, Hornsby was found guilty of the lesser included offense of trespassing as to Count I and not guilty as to Counts II and III.
As grounds for reversal, Hornsby argues that: 1) he was convicted of a crime that he was not charged with committing, and 2) his failure to object to the jury instruction on the crime for which he was convicted does not now prevent him from raising the issue on appeal, because the error complained of is fundamental.
In 1974, the legislature enacted the Florida Criminal Code which became effective July 1, 1975. This legislation, inter alia created Section 810.08, Florida Statutes (1975), "Trespass in Structure or Conveyance", which provides, in part: "A person trespasses if he wilfully enters any structure or conveyance of another without being authorized, licensed, or invited." The offense is a misdemeanor of the second degree, unless the trespasser is armed or the structure or conveyance is occupied by a human being in which case the offense is a first degree misdemeanor. Chapter 810, Florida Statutes (1975), covers the general area of the offenses of burglary and trespass; however, prior to July 1, 1975, the effective date of the Florida Criminal Code, there was no mention of trespass in Chapter 810, Florida Statutes (1973), which was titled simply "Burglary". Rather, trespass, or "malicious" trespass, which is apparently the offense Hornsby was convicted of, was to be found in Chapter 821, Florida Statutes (1973), which was entitled "Trespass and Injury to Realty and Similar Offenses" and which described numerous trespasses to realty, the majority of which related to the taking of wildlife, timber and farm and grove products from the property of another without his permission. The only subsection of Chapter 821 remotely applicable to the actions of Hornsby is Section 821.18, Florida Statutes (1973), which provided:
"Other trespasses.  Every trespass upon the property of another, committed with a malicious and mischievous intent, the punishment of which is not specially provided for, shall be guilty of a misdemeanor of the second degree... ." (emphasis supplied)
Section 821.18, Florida Statutes (1973), along with the remainder of Chapter 821, was repealed by the Florida Criminal Code effective July 1, 1975.
The major crime that Hornsby was charged by information with having committed is found in Section 810.03, Florida Statutes (1973):

*956 "Entering without breaking.  Whoever enters without breaking any dwelling house, or any of the buildings or structures mentioned in §§ 810.01 and 810.02 ... shall be guilty of a felony of the third degree...."
Section 810.03, Florida Statutes (1973), was repealed on July 1, 1975, and its proscribed offense was incorporated in the definition of "burglary" (Section 810.02, Fla. Stat. [1975]).
Thus, on the date of Hornsby's trial in October, 1976, for offenses charged to have been committed on July 3, 1974, Section 810.03, Florida Statutes (1973), had been repealed for more than a year as well as Section 821.18, Florida Statutes (1973), which proscribed "other trespasses" to realty.
At trial, the court instructed on trespass as follows:
"Now, I neglected to instruct you as to one other lesser included offense. Within the general crime of entering without breaking it necessarily includes within it trespass. Now, let me instruct you as to the law of trespass.
"It is a crime of trespass to a structure for any person to wilfully enter any structure without being authorized, licensed, or invited by the owner or occupant. Now, the essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that, one, Craig Hornsby did enter the structure described in this information; that such structure was owned by the Clerk of the Circuit Court or the County Commissioners of Leon County; that such entry was without the permission, express or implied, by the Clerk of the Circuit Court or the County Commission of Leon County and that such entry was wilful."
Not only did defense counsel not object to the above instruction,[1] but he specifically approved all the instructions given when questioned by the trial court.
When a statute makes the criminality of an act depend on the intent with which it was committed, criminal intent must be alleged in the accusation and proved at trial. In Sheffield v. State, 90 So.2d 449 (Fla. 1956), the Supreme Court addressed this issue, viz:
"Section 590.28, Florida Statutes 1955, F.S.A., by its terms expressly requires a specific criminal intent to damage or destroy property of another. It further provides that such intent must be engendered `by malice or spite or by the hope of material gain or employment to be derived either directly or indirectly'. No such specific intent is alleged or proved in the instant case."
See also Harris v. State, 93 So.2d 725 (Fla. 1957).
Here, the only criminal trespass applicable at the time of Hornsby's offense was found in Section 821.18, Florida Statutes (1973). Further, this section specifically provided that the trespass upon the property of another be committed with a malicious and mischievous intent". Malicious and mischievous intent was neither alleged in the charging information nor proved at trial.
The state argues that since Hornsby did not object to the trespass instruction as given by the trial court, he has not preserved the right to argue this point on appeal. The state's position must be rejected for the reasons stated in Haley v. State, 315 So.2d 525 (Fla. 2nd DCA 1975), viz:

*957 "The state argues that appellants waived this issue because the record fails to reveal a timely objection to the jury instructions. This case does not merely involve erroneous instructions. The defendants were convicted of a crime not charged in the informations. This is fundamental error... ."
The judgment appealed is reversed with directions that Hornsby be discharged.
BOYER and SMITH, JJ., concur.
NOTES
[1] The instruction on trespass, which was read to Hornsby's jury, is substantially similar to the standard jury instruction corresponding to Section 810.08, Fla. Stat. (1975). This instruction was approved for use and publication by the Florida Supreme Court in In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, Case No. 48,491, opinion filed February 4, 1976. It is noted that the previous set of Standard Jury Instructions approved May 27, 1970, did not contain an instruction which corresponded to Section 821.18, Fla. Stat. (1973), although it did contain an instruction on malice which was to be used only when trespass with malice was charged in the information or indictment and which, additionally, was only applicable to Section 821.28, Fla. Stat. (1973), which prescribed the penalties for injuring flowers, removing natural products, or molesting game or fish on the property of state institutions.