375 So.2d 1079 (1979)
Hollis Yates ODOM, Appellant,
v.
STATE of Florida, Appellee.
No. MM-296.
District Court of Appeal of Florida, First District.
August 28, 1979.
Rehearing Denied November 6, 1979.
Michael J. Minerva, Public Defender, Carl S. McGinnes and Louis G. Carres, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
ROBERT P. SMITH, Jr., Judge.
Odom, charged with the offense of sexual battery upon a person over the age of 11 years, without that person's consent and when the victim was physically helpless *1080 to resist, Section 794.011(4)(a), Florida Statutes (1977), was convicted of having committed a lewd, lascivious or indecent assault on a child under the age of 14 years, Section 800.04, Florida Statutes (1977). Although the child victim was in fact under 14 years of age, as shown by the evidence, that was not alleged in the information. The offense of which appellant was convicted was therefore not a class four lesser and included offense, the elements of which were shown by the accusatory pleading and the proof, and it was not otherwise a lesser and included offense of the offense charged. Brown v. State, 206 So.2d 377 (Fla. 1968). On appeal appellant now contends he was convicted for an offense not charged, and he requests that the conviction be reduced to one of battery. We affirm.
Without objection by either the State or appellant, the trial court charged the jury on the "lesser and included" offense of which appellant was later convicted. The charge conference transcript, if any, is not before us, so we do not know who requested the charge now objected to; nor are the final arguments to the jury, so we do not know whether defense counsel sought benefit from the charge. Defense counsel's participation and acquiescence in the charge as given is shown, however, by the transcript reference to an unreported sidebar conference between the court and counsel immediately before the court recharged the jury on that offense, as requested by the jury; by the court's recorded question to defense counsel immediately thereafter, "Do you want this one on battery?", to which counsel replied "Yes"; and by appellant's motion for new trial which recited preliminarily, not by way of objection,
[Appellant] was convicted of committing a Lewd and Lascivious Assault upon a minor child, which was a lesser included offense under the Information.
Appellant made no objection to the charge in any post-trial motion to the trial court.
In these circumstances we consider that the charge now objected to was given with the participation and acquiescence of appellant, that it is unnecessary to reconstruct the trial court record further, and that appellant has waived or is estopped to complain of the asserted fundamental error. See McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971); Ray v. State, 374 So.2d 1002, (Fla. 2d DCA 1979).
AFFIRMED.
MILLS, C.J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.