386 So.2d 872 (1980)
Jerry BLOW, Appellant,
v.
STATE of Florida, Appellee.
No. MM-60.
District Court of Appeal of Florida, First District.
August 15, 1980.
*873 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOOTH, Judge.
This cause is before us on appeal from a judgment of conviction for escape, kidnapping and aggravated assault with a deadly weapon. Appellant contends that the 15-year sentence for aggravated assault exceeds the legal maximum of five years and that the trial court committed fundamental error in imposing judgment and sentence for aggravated assault because it was not a lesser included offense of the charge of armed robbery. We affirm the conviction of aggravated assault and remand for a correction of the sentence as to that offense.[1]
The information charging armed robbery states, in pertinent part, that appellant "did then and there unlawfully by force and by putting [the victim] in fear, rob, steal and take away ... certain personal property ..., and in the course of committing said robbery the said Jerry Blow carried a firearm." [emphasis supplied] This charge is in the language of the robbery statute, Florida Statutes § 812.13.
The evidence showed that the defendant pointed a pistol at the victim and forced him to drive his vehicle into a wooded area. At charge conference, the court announced it would be giving the standard instruction on aggravated assault as a lesser included offense of the robbery charge. The trial court asked defense counsel if there were any exceptions or objections to the instructions as discussed, and defense counsel *874 stated he had no objections. There was no objection raised when the court instructed the jury; and, when the court again asked if there were any exceptions or objections to the instructions as given, defense counsel stated there were none. There were no objections to the verdict form which listed aggravated assault as one of the crimes for which Blow might be convicted.
Appellant argues that aggravated assault was neither a crime charged nor a lesser included offense, because the information did not allege that appellant used the firearm or deadly weapon to commit an assault in the course of committing the robbery. Thus, he contends, relying upon Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978), the aggravated assault was not a "category four"[2] lesser included offense, because the essential elements of the aggravated assault were not specified in the charge. We find reliance on Vitko misplaced. Vitko does not discuss whether or not the appellant objected to the aggravated assault instruction or what the evidence showed as to Vitko's use of the knife.
A person called on to respond to criminal charges has the fundamental right to be notified by the accusatory pleading of all offenses for which he may be convicted. Payne v. State, 275 So.2d 261 (Fla. 4th DCA 1973); Griffin v. State, 322 So.2d 587 (Fla. 4th DCA 1975). The Supreme Court, in Brown v. State, 206 So.2d 377 (Fla. 1968), states: "[W]e are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted." It follows that a defendant may be convicted only of a crime expressly charged, or which is included, necessarily or by pleading and proof, within the crime charged. Brown v. State, supra; Rule 3.510, Fla.R.Crim.P. Here, we find that the allegations of the information satisfied defendant's fundamental right. The allegation that he carried a firearm in the commission of the offense was sufficient to apprise him of the lesser included charge; and, in the absence of objection by the defendant, the trial court properly charged on aggravated assault.
Determination as to whether a particular crime is a "category four" lesser included offense, requiring a jury instruction, is often difficult. Difficult as the question is, however, the trial court must act to either give or not give the charge, knowing that, whichever the decision, error may be claimed under the existing case law.[3] Compare, Hammer v. State, 343 So.2d 856 (Fla. 1st DCA 1976), cert. den. 352 So.2d 175 (Fla. 1977), relying upon State v. Terry, 336 So.2d 65 (Fla. 1976), with State v. Wilson, 276 So.2d 45 (Fla. 1973). The defendant should not be permitted to stand mute and have the benefit of the lesser charge and grounds to attack his conviction of the lesser offense, as well. See, Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980).
Here, the trial court determined that aggravated assault was a lesser included offense of first degree robbery as charged. For all that appears at trial, defendant knew full well that he was charged with armed robbery, and could be convicted of aggravated assault as a lesser offense. Proof at trial supported the conviction, and there was ample opportunity for objection to the charge. Under these circumstances, we think the appellant had the duty to raise objection, if any, at the time the court announced it would instruct as to aggravated assault and to inform the court that he *875 had no notice he could be convicted of that offense.
Accordingly, the judgment is affirmed and remanded for correction of sentence.
LARRY G. SMITH, J., concurs.
ERVIN, J., specially concurs with opinion.
ERVIN, Judge, specially concurring.
I concur because the result is required by the latest expression from this court in Odom v. State, 375 So.2d 1079 (Fla. 1st DCA 1979). Odom, however, appears to conflict with Hornsby v. State, 352 So.2d 954 (Fla. 1st DCA 1977), although it did not expressly overrule Hornsby. Hornsby was charged with entering without breaking with intent to commit a misdemeanor. His attorney requested the erroneous charge on the lesser offense of trespass which included an element of intent not alleged in the information, then appealed the conviction of the lesser offense on the grounds urged in this case. This court reversed, stating it was fundamental error to convict Hornsby of a crime he was not charged with, despite his attorney's failure to object, citing Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975). Haley has been implicitly overruled in Ray v. State, 374 So.2d 1002 (Fla. 2d DCA 1979). Other districts have followed the rule in Ray and Odom: Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980) and Lumia v. State, 372 So.2d 525 (Fla. 4th DCA 1979).
NOTES
[1] Appellant was sentenced to 15 years for escape; life imprisonment for kidnapping; and 15 years for aggravated assault, the sentences to run consecutively. On appeal, no issue is raised as to the convictions or sentences for escape and kidnapping.
[2] Brown v. State, 206 So.2d 377 (Fla. 1968), at Page 381:

The quoted statutes suggest four categories or situations which have distinguishing characteristics and should not be confused. They are:
(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. (emphasis theirs)
[3] Fountain v. State, 353 So.2d 608, 609 (Fla. 4th DCA 1973) (trial court's refusal to give a requested instruction on aggravated assault as lesser included offense of robbery and "carrying a firearm in the commission of the robbery," held reversible error, the court holding: "There is no question that the offense of aggravated assault ... [is a] lesser included offense of the main charge"); Rayner v. State, 273 So.2d 759 (Fla. 1973) (court's failure to charge on lesser offense, even though at request of defendant, held error but, on remand, 286 So.2d 604 (Fla. 2d DCA 1973), held waived by lack of proper objection).