LILES, WOODIE A., Associate Judge (Retired).
Cherry was charged by information with attempted first degree murder, together with displaying or using a firearm in violation of Section 790.07(2), Florida Statutes (1977). He plead not guilty; and following a trial, the jury found him guilty of aggravated assault with a firearm. Motion for new trial was denied, and the judge sentenced him to seven years in prison with the requirement that he serve three years before being considered eligible for parole.
Cherry appeals to this Court and assigns six points for reversal and discharge. First, we note that the sentence of seven years is beyond the allowable penalty as set forth in Section 784.021, Florida Statutes. It has been determined that the enhanced penalty statute does not apply to the conviction of aggravated assault, since the offense of aggravated assault is an assault with a weapon and already an enhanced penalty statute. Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).
Appellant urges he was not charged with the crime for which he was convicted and aggravated assault with a firearm is not a lesser included offense of attempted first-degree murder. We agree that the element of fear which must be present in the crime of aggravated assault with a firearm is not contained in the information. Likewise, it was not proven by the evidence. However, the Court gave a charge on the lesser included offense to the jury, and the defense failed to make a timely objection. To the contrary, when the court invited comment and further recommended objections, the defense stood mute. It has been held in Odom v. State, 375 So.2d 1079 (Fla. 1st DCA 1979) that unless objections are made in such an instance as is present here, it does not constitute fundamental error, and therefore the defendant is estopped to assert error on appeal. Similarly, in Blow v. State, 386 So.2d 872 (Fla. 1st DCA 1980), Judge Booth, writing for the Court, held that in the absence of an objection by the defendant, the trial court properly charged on aggravated assault. Based upon the Odom and Blow cases, we must affirm the conviction.
*1202 Appellee urges that this Court should follow Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978) and determine that the element of fear of harm was present in this case. In Kimbrough, there were five shots fired, unlike the present case. Here, only one shot was fired from a weapon that the victim did not see, and he was not even aware that he was in danger. Therefore, Kimbrough is not controlling since there was no proof of the element of fear. We have reviewed the other points raised by Appellant and find them to be without merit.
For the above-mentioned reasons, the case is affirmed in part and remanded in part with directions to impose sentence pursuant to Section 784.021, Florida Statutes.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.