HOBSON, Acting Chief Judge.
The appellant, Johnny Ray Owens, appeals from convictions after jury trial of the crimes of robbery with a firearm in violation of section 812.13, Florida Statutes (1981), and possession of a firearm by a convicted felon in violation of section 790.-23, Florida Statutes (1981). We reverse and remand.
The first point raised by appellant is that the trial judge committed reversible error by failing to instruct the jury upon request timely made on the lesser included offense of aggravated assault. We agree.
The court in Brown v. State, 206 So.2d 377 (Fla.1968), established four discret categories of attempts and lesser offenses upon which the jury may be instructed. The Supreme Court of Florida has recently consolidated the four categories into two:
(1) Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses. (2) Offenses which may or may not be included in the offense charged, depending on the accu *797 satory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
In the Matter of the Use of the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Nos. 56,734 and 58,799 (Fla. April 16, 1981).
An aggravated assault is an assault with a deadly weapon without intent to kill or an assault with intent to commit a felony. § 784.021, Fla.Stat. (1981). It is a category (2) lesser offense of robbery. Jackson v. State, 355 So.2d 137 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 835 (Fla.1978); Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses. That is, it may be a lesser included offense if the information alleges all of its essential elements and if the evidence supports it. State v. Terry, 336 So.2d 65 (Fla.1976).
At the charge conference in the instant case, the trial judge determined that although the evidence presented at trial supported aggravated assault, the essential elements of aggravated assault were not alleged in the information.
We have made a careful review of the information and find that the essential elements of aggravated assault are set forth. The information expressly alleges an assault and also alleges the use of a deadly weapon. The fact that the information alleges that appellant “carried a deadly weapon” rather than “used a deadly weapon” does not nullify an essential element of aggravated assault. Thus, all the essential elements of an aggravated assault are alleged, as well as supported by the evidence. It was reversible error to deny the requested instruction.
Because we have ruled in the appellant’s favor on the first issue raised on appeal, we need not consider appellant’s second point.
REVERSED AND REMANDED FOR NEW TRIAL.
RYDER and CAMPBELL, JJ., concur.