ON MOTION TO MODIFY MANDATE
PER CURIAM.
On November 16, 1983, the state filed a motion to recall and modify mandate which was issued on October 4, 1983, in the case of Owens v. State, 437 So.2d 796 (Fla. 2d DCA 1983). The state alleged in its motion that after the time period for filing a motion for rehearing had expired, the case of Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978), came to the state’s attention. The state further alleged that Owens v. State is *952 in direct conflict with Vitko v. State, and thus, an intradistrict conflict exists.
On November 23, 1983, this court entered an order granting the state’s motion “only insofar as it seeks to withdraw and stay the mandate” pending further order from the court. Having considered the merits of the state’s entire motion, we now grant that portion of the state’s motion requesting modification of the mandate.
The appellate court has the power to recall its mandate so long as the recall is within the term during which the opinion was issued. See State Farm Mutual Automobile Insurance Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981), and United Faculty of Florida v. Board of Regents, State University System, 423 So.2d 429 (Fla. 1st DCA 1982); Jerry v. State, 174 So.2d 772 (Fla. 2d DCA 1965). Here, the applicable term commenced July 1, 1983, and concluded December 31, 1983. Thus, withdrawal of the Owens mandate was proper.
Concerning the merits of the state’s motion, we direct our discussion to the instant case and the cases cited by the parties. In Owens, this court held that it was reversible error for the trial court to deny appellant’s request for a jury instruction on aggravated assault, a category (2) lesser included offense of robbery with a firearm, because “carrying” a deadly weapon alleged in the information satisfied an essential element of aggravated assault. The state argues in its motion that Vitko is in direct conflict. In Vitko, this court held that the defendant’s conviction of aggravated assault, as a lesser included offense of attempted robbery for which he was charged, could not stand because the allegation that the defendant “did carry” a deadly weapon in the information did not allege an essential element of aggravated assault. In response to the state’s argument, the defendant cites Blow v. State, 386 So.2d 872, 874 (Fla. 1st DCA 1980), in support of his argument that this court should recede from Vitko and follow the Owens ruling. In Blow, the court stated that “the allegation [in the information] that he [defendant] carried a firearm in the commission of the offense was sufficient to apprise him of the lesser included charge [aggravated assault].” The applicability of the Blow decision to the resolution of the conflict, however, is diluted by the defendant’s failure to object to the jury instructions which was the pivotal issue in the determination of the case. In Blow, the court did not opine as to how it would rule if the defendant had objected to the jury instructions. In any event, we conclude the more favorable approach is to modify the mandate to conform with our holding in Vitko. In so doing, an interdistrict conflict with the above-quoted language in Blow is created and we therefore certify the following question to the supreme court:
WHETHER AN INFORMATION WHICH ALLEGES THAT A DEFENDANT “CARRIED” A FIREARM IS SUFFICIENT TO ALLEGE AN ESSENTIAL ELEMENT OF AGGRAVATED ASSAULT, AN OFFENSE THAT IS STATUTORILY DEFINED BY SECTION 784.021(l)(a) AS AN ASSAULT WITH A DEADLY WEAPON.
Accordingly, the mandate issued on October 4, 1983, is recalled and vacated, and the case is affirmed with directions that the defendant’s adjudication and sentence be reinstated. The trial court is also directed to strike court costs and the fine to the Crimes Compensation Trust Fund imposed against the indigent defendant unless defendant was given adequate notice of such assessment and full opportunity to object to the assessment. See Jenkins v. State, 444 So.2d 947 (Fla.1984).
HOBSON, A.C.J., and RYDER and CAMPBELL, JJ., concur.