475 So.2d 1238 (1985)
Johnny Ray OWENS, Petitioner,
v.
STATE of Florida, Respondent.
No. 64980.
Supreme Court of Florida.
September 12, 1985.
Jerry Hill, Public Defender and Karla J. Staker and Paul C. Helm, Asst. Public Defenders, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and William E. Taylor, Asst. Atty. Gen., Tampa, for respondent.
EHRLICH, Justice.
We accepted jurisdiction to answer the certified question:
Whether an information which alleges that a defendant "carried" a firearm is sufficient to allege an essential element of aggravated assault, an offense that is statutorily defined by section 784.021(1)(a) as an assault with a deadly weapon.
Owens v. State, 444 So.2d 951, 952 (Fla. 2d DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Owens was charged, inter alia, with armed robbery. Section 812.13, Fla. Stat. (1981). He sought a jury instruction on aggravated assault, section 784.021, Fla. Stat. (1981), as a lesser included offense. The trial judge refused, as the information against Owens failed to allege that Owens used the gun he carried to commit an assault *1239 during the robbery. The district court affirmed, relying on Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). In Vitko, the court distinguished between carrying a weapon, the element in section 812.13, and using a weapon, the element in section 784.021. We have endorsed this distinction in State v. Baker, 452 So.2d 927 (Fla. 1984). The trial judge properly refused to give the requested instruction because the information fails to allege use of the weapon in committing an assault. The decision of the district court is approved.
It is so ordered.
BOYD, C.J., and McDONALD and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.