NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2567
_____

UNITED STATES OF AMERICA

v.

CHRISTIAN ROSADO,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-16-cr-00265-001)
District Judge: Honorable James M. Munley
_____

Argued: February 13, 2019

Before: HARDIMAN, SCIRICA, and COWEN, *Circuit Judges*

(Filed: August 19, 2019)


Quin M. Sorenson  (Argued)
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA  17101

        *Counsel for Appellant*

Stephen R. Cerutti, II  (Argued)
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse

Harrisburg, PA  17108

Evan J. Gotlob
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18503

     *Counsel for Appellee*

————————————

OPINION[*]

————————————

**SCIRICA**, *Circuit Judge*

After pleading guilty to federal felony charges, Christian Rosado was sentenced as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines. A "career offender" is someone who, among other requirements, has twice previously been convicted of a "crime of violence" or controlled substance offense. A "crime of violence," in turn, is either one of a number of specifically enumerated crimes generally considered violent, or, alternatively, an offense for which physical force is a mandatory element of any conviction under that offense. U.S.S.G. § 4B1.2. Rosado objected to his designation as a career offender and now argues that one or both of his past offenses should not have been considered "crimes of violence." Because both offenses include physical force as a mandatory element, we will affirm.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

# I.

Rosado pled guilty in January 2018 to possession and discharge of a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c), and possession of a firearm by a prohibited person, 18 U.S.C. § 922(g). The Presentencing Report recommended that Rosado be sentenced as a career offender on the basis of two prior Florida convictions, both in 2010: one for aggravated battery with a deadly weapon, and the other for domestic battery by strangulation. The Probation Office calculated a Guidelines sentencing range of 262–327 months. In the absence of career offender status, Rosado's Guidelines sentencing range would have been 177–91 months.

Rosado objected to the career offender designation, arguing these two convictions should not be considered "crimes of violence," and the District Court considered his objection at a sentencing hearing. The District Court evaluated Rosado's aggravated battery conviction using the enumerated offenses clause of § 4B1.1, finding that "the offense is equal to if not more severe than aggravated assault, which is an enumerated offense . . . ." App. 25. The District Court also evaluated Rosado's domestic battery by strangulation conviction using the elements clause of § 4B1.1, finding the Florida crime necessarily included as an element the use, threatened use, or attempted use of physical force, and was therefore a crime of violence. *Id.* Rosado's ultimate sentence was 262 months.[1]

---

[1]     The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's factual findings for clear error and exercise *de novo* review over its legal conclusions. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). The question whether

**II.**

The U.S. Sentencing Guidelines designate sentencing enhancements for any defendant who is a "career offender," defined as an offender with two or more prior convictions for a "crime of violence," among other requirements. U.S.S.G. § 4B1.1(a). A conviction can be classified as a crime of violence in either of two ways, if the offense:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [the "enumerated offenses clause"].

*Id.* § 4B1.2(a).

Under either clause, the sentencing court must employ the "categorical approach," meaning the court may consider only the elements of the crime as defined by statute, and may not consider the actual conduct of the defendant leading to the conviction. *See, e.g.*, *United States v. Graves*, 877 F.3d 494, 501 (3d Cir. 2017); *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017). A defendant's prior conviction is a "crime of violence," then, only if every realistically plausible conviction of that offense would necessarily meet the criteria to constitute a crime of violence. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). To demonstrate that hypothetical conduct could realistically lead to a conviction of the offense, the defendant "must at least point to his

---

a prior state conviction is a crime of violence under the U.S. Sentencing Guidelines is a question of law over which we exercise *de novo* review. *United States v. Brown*, 765 F.3d 185, 188 (3d Cir. 2014).

4

own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id*. The elements clause of § 4B1.2 is identical to the elements clause of the Armed Career Criminal Act (ACCA); for that reason precedent discussing the application of either sentencing enhancement may inform our analysis. 18 U.S.C. § 924(e)(2)(B)(i).

Neither aggravated battery with a deadly weapon nor domestic battery by strangulation appears on the list of enumerated offenses in § 4B1.2(a)(ii). The Government concedes the District Court was incorrect to classify aggravated battery with a deadly weapon as a crime of violence on that basis.

Both offenses, though, satisfy the elements clause. To determine whether, under the elements clause, an offense is a "crime of violence," we check whether the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2. In *Johnson v. United States*, the Supreme Court found that the "force" requisite to constitute a "violent felony" must be "*violent* force," meaning "force capable of causing physical pain or injury to another." 599 U.S. 133, 140 (2010). Specifically, the Court held that Florida battery is not a crime of violence because it includes conduct as mild as "mere unwanted touching." *Id.* at 142. In *Stokeling v. United States*, evaluating a robbery offense that included as an element the use of "force necessary to overcome a victim's physical resistance," the Supreme Court added that "the force necessary to overcome a victim's physical resistance is inherently 'violent.'" 139 S. Ct. 544, 553 (2019). The Court explained that a crime of violence "does not require any particular degree of likelihood or probability that the force used will cause physical pain

5

or injury; only potentiality." *Id*. at 554. Florida's crime of aggravated battery with a deadly weapon is a crime of violence because it is not possible for a defendant to "use" a deadly weapon to commit a battery without at minimum threatening to use physical force. Florida's crime of domestic battery by strangulation is, similarly, a crime of violence because there is no realistic scenario in which this crime could be committed without physical force.

**A.**

Aggravated battery with a deadly weapon is defined under Florida law as follows. "A person commits aggravated battery who, in committing battery . . . . (2) [u]ses a deadly weapon." Fla. Stat. § 784.045(1)(a). Battery, in turn, is defined, "[t]he offense of battery occurs when a person: (1) [a]ctually and intentionally touches or strikes another person against the will of the other; or (2) [i]ntentionally causes bodily harm to another person." *Id.* § 784.03(1)(a).

Under *Johnson*, Florida battery alone is not a crime of violence. 599 U.S. at 136–37, 145. The question, then, is whether the use of a deadly weapon necessarily renders even mere unwanted touching "violent." "Deadly weapon" is not defined by Florida statute. In Florida common law, it has two related definitions. Under the first definition, included in Florida's pattern jury instructions, battery with a deadly weapon is a crime of violence. "A weapon is a 'deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily harm." Fla. Std. Jury Instr. (Crim.) § 8.4. This definition references the weapon and the defendant's conduct: it requires that the defendant used or threatened to use the deadly weapon in a way that would likely

6

produce great bodily harm, necessarily satisfying the element of actual or threatened physical force. U.S.S.G. § 4B1.2.

Although it is not part of standard jury instructions, Florida courts also employ a second definition of deadly weapon: "any instrument which, when it is used in the ordinary manner contemplated by its design and construction will or is likely to cause great bodily harm." *Nguyen v. State*, 858 So.2d 1259, 1260 (Fla. Dist. Ct. App. 2003) (quoting *D.C. v. State*, 567 So.2d 998, 1000 (Fla. Dist. Ct. App. 1990)). This definition does not require any specific action by the defendant, except that the defendant must, under the statute "use[]" the deadly weapon in committing the battery. Fla. Stat. § 784.045(1)(a)(2). Merely carrying a weapon during a crime is not sufficient to constitute "use" in the crime. *Owens v. State*, 475 So.2d 1238, 1239 (Fla. 1985). But it is also not required that the deadly weapon itself do the touching that constitutes the battery. *Severance v. State*, 972 So.2d 931, 933–34 (Fla. Dist. Ct. App. 2007). The defendant may use the weapon in furtherance of the crime in some other way.

In *Severance*, relied on by Rosado, a Florida appellate court addressed a case in which the defendant battered the victim with his hands and put a knife near the victim's throat. *Id.* at 932. He was convicted of aggravated battery with a deadly weapon. *Id.* The defendant argued the trial court had erred by failing to instruct the jury that aggravated assault required the deadly weapon to touch the victim. *Id.* The court disagreed, in a plurality opinion holding "use" of a deadly weapon "includes holding a deadly weapon without actually touching the victim with the weapon." *Id.* at 934. *Severance* and *Owens*,

together, hold that "use" of a deadly weapon requires more than carrying, but does not require touching.

As the defendant's conduct in *Severance* exemplifies, though, a defendant who has "used" a deadly weapon to commit an unwanted touching has necessarily threatened use of force, even if the "use" involved holding the weapon without touching the victim with it. A defendant who holds and "uses" a deadly weapon in a battery does so by, at minimum, threatening the victim, as the defendant did in *Severance*. Rosado does not point to any case in which a defendant was convicted of this offense absent threatened physical force. We find his hypotheticals either would not realistically constitute aggravated assault with a deadly weapon, or do indeed include actual or threatened physical force. *See Duenas-Alvarez*, 549 U.S. at 193. *Owens* forecloses Rosado's argument that a defendant who secretly carries a weapon has "used" the weapon because he is emboldened by it. *See* 475 So.2d at 1239. Conversely, a defendant who uses a deadly weapon by displaying it during an unwanted touching necessarily threatens the victim in doing so.

The Eleventh Circuit has held that Florida's offense of aggravated battery with a deadly weapon satisfies the elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015). A number of other courts have also addressed whether, under relevant state law, the use of a weapon creates a crime of violence when accompanying otherwise nonviolent criminal conduct. All have come to the conclusion that it does. A Ninth Circuit case evaluated an offense essentially identical

8

to this one, consisting of, at minimum, "unlawful touching using a deadly weapon." *United States v. Perez-Silvan*, 861 F.3d 935, 943 (9th Cir. 2017). The court found that, although "merely being in possession of a deadly weapon does not amount to a threat to use force," "regardless of whether the deadly weapon itself touches the victim's body, we cannot imagine one using or displaying a deadly weapon in the course of an offensive touching without threatening the use of violent force." *Id*; *see also United States v. Redrick*, 841 F.3d 478, 483, 484 (D.C. Cir. 2016) (evaluating a Maryland offense of robbery "with the use of a deadly or dangerous weapon") (internal citations omitted); *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (evaluating a Tennessee offense of assault "while us[ing] or display[ing] a deadly weapon"). We find this reasoning persuasive and conclude Florida's aggravated assault with a deadly weapon is a crime of violence.

**B.**

Rosado's second conviction, domestic battery by strangulation, criminalizes conduct in which the defendant, at minimum, "knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of [the victim], so as to create a risk of . . . great bodily harm by applying pressure on the threat or neck of the other person or by blocking the nose or mouth of the other person." Fla. Stat. § 784.041(2)(a). The Eleventh Circuit has held this offense is a crime of violence, because there is no way to commit it "without using 'violent force'—that is, force capable of causing physical pain or injury to another person." *United States v. Dixon*, 874 F.3d 678, 681–82 (11th Cir. 2017). To demonstrate domestic battery by strangulation could occur

9

without physical force, Rosado must identify a "realistic" example, generally by pointing to an actual conviction resembling the hypothetical, in Florida or in a state criminalizing similar conduct. *Duenas-Alvarez*, 549 U.S. at 193. Rosado points to no cases at all, instead presenting a series of increasingly fanciful hypotheticals.

Moreover, all of the hypotheticals Rosado offers in fact require physical force on the part of the defendant. Rosado suggests a defendant could use a mask, poisonous gas, or drowning to "block" the victim's breathing, without directly applying force to the victim. Appellant's Br. 18–19. But *United States v. Castleman* held, in a similar statutory context, that use of an object like poison would qualify as "force" because physical force is "force exerted by and through concrete bodies," including force that causes harm "indirectly." 572 U.S. 157, 170 (2014) (quoting *Johnson*, 559 U.S. at 138). A defendant who uses a mask, poisonous gas, or water as an instrument still exerts physical force through those objects under this definition. Rosado's argument is also foreclosed by *Stokeling*, which held that physical force includes the force necessary to overcome a victim's resistance. 139 S. Ct. at 552–53. Here, the offense includes a requirement that the act occur against the victim's will, and, as the Government points out, any victim whose breath or circulation is blocked unwillingly to the point of risking bodily harm would have some physiological response requiring the defendant to overcome it. We agree with the District Court, and with the Eleventh Circuit, that domestic battery by strangulation is a crime of violence.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

10