DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

J.M.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3344
_____

January 31, 2025

Appeal from the Circuit Court for Hillsborough County; Kim Brennan,
Judge.

Blair Allen, Public Defender, and Daniel Muller, Assistant Public
Defender, Bartow, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Sonia C.
Lawson, Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

J.M. appeals the juvenile delinquency court's disposition order
finding him guilty of aggravated assault, a permissive lesser included
offense of the charged offense of armed robbery. We have jurisdiction.
Fla. R. App. P. 9.145(b)(1). Because the delinquency petition did not
allege a necessary element of the offense of aggravated assault, we
reverse.

## I.

J.M. and another juvenile, D.J., approached Lorenzo Edwards in a public park and confronted him about a bicycle in Mr. Edwards' possession. J.M. claimed the bike belonged to him and demanded it be returned. Mr. Edwards responded that if J.M. believed the bike to be his, to "come take it." The two juveniles, who were wearing ski masks, pulled knives out of their pockets and advanced toward Mr. Edwards. Mr. Edwards gestured as if he intended to strike them, and the two youths ran away. They were still in the park when law enforcement arrived. After Mr. Edwards identified J.M. and D.J., they were taken into custody. They were subsequently charged with attempted robbery with a firearm or deadly weapon pursuant to sections 812.13(1) and (2)(b) and 777.04(1), Florida Statutes (2022). Importantly, the delinquency petition alleged that J.M. *carried* a firearm or deadly weapon during the attempted robbery.

Following the delinquency hearing, the court found that J.M. and D.J. believed that the bicycle belonged to one of them and that, therefore, the State could not establish the intent element of robbery to sustain a finding of guilt. However, the court concluded that the testimony of the victim and a witness supported a finding of aggravated assault, a permissive lesser included offense of armed robbery. Accordingly, the court found J.M. guilty of aggravated assault with a deadly weapon under section 784.021(1)(a), Florida Statutes (2022), withheld adjudication, and placed him on probation.

## II.

J.M. argues that the delinquency court erred in finding him guilty of the lesser included offense of aggravated assault because the delinquency petition alleged that he *carried* a deadly weapon, not that he

*assaulted* Mr. Edwards with the deadly weapon. This issue was not preserved. Generally, a party must contemporaneously object to an error to preserve the error for appellate review. *F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003). The sole exception to this rule applies when the complained of error is fundamental in nature. *See J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998). J.M. contends the error in this case was fundamental. We agree.

"It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state[;] . . . [t]herefore, an error that directly results in such a conviction is by definition fundamental." *Jaimes v. State*, 51 So. 3d 445, 448-49 (Fla. 2010); *see also Figueroa v. State*, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012) ("[A charging document] is fundamentally defective where it . . . omits an essential element of the crime."); *Pena v. State*, 829 So. 2d 289, 292 n.1 (Fla. 2d DCA 2002) ("[T]he failure to allege an essential element of an offense in the charging document is fundamental error."); *J.V. v. State*, 221 So. 3d 689, 690 (Fla. 4th DCA 2017) (holding that petition charging juvenile was fundamentally defective for failing to allege essential elements of the crime for which the juvenile was tried). Although exceptions exist in certain circumstances "where the defendant had an opportunity to object," courts have recognized that "[a] defendant tried at bench trial has limited opportunities to object to an erroneous lesser-included offense, primarily because there is no charge conference or verdict form." *Kirkland v. State*, 225 So. 3d 920, 922-23 (Fla. 1st DCA 2017) (collecting cases).

In this case, the delinquency petition charging J.M. alleged as follows:

[D.J.] AND [J.M.], on the 22nd day of June, 2022, in the County of Hillsborough and State of Florida, did by the use of force, violence, assault, or putting in fear, attempt to rob, steal, and take away from the person or custody of LORENZO EDWARDS certain property, to-wit: a bicycle, the value of said property being less than seven hundred and fifty dollars ($750), with intent to permanently or temporarily deprive LORENZO EDWARDS of said property, and in the course of said robbery, [D.J.] AND J.M. carried a firearm or other deadly weapon, and wore a hood, mask, or other device that concealed their identity.

(Emphasis added.)

In orally pronouncing its findings at the conclusion of the bench trial, the delinquency court stated:

[O]ne of the things . . . [that] was testified to was that the children, this was testified to by Mr. Edwards and Ms. Gay; believed that the bike belonged to them and I do believe under . . . the robbery statute, there needs to be an intent on the part of the children to deprive . . . the victim of their property . . . I don't believe the State proved up that particular element but I do believe that the testimony supports a lesser included offense . . . and that would be aggravated assault.

"An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2022). An *aggravated* assault requires proof that the defendant committed the assault "[w]ith a deadly weapon without intent to kill," § 784.021(1)(a), or "[w]ith an intent to commit a felony," § 784.021(1)(b).

Here, the delinquency court found that the State had not proven the offense of aggravated assault with the intent to commit a felony—here, a robbery—because the unrebutted testimony established that J.M. and D.J. believed that the bicycle belonged to them. The only other basis

4

of establishing aggravated assault was to find that J.M. assaulted Mr. Edwards using the knife he had pulled out of his pocket. But the delinquency petition did not charge J.M. with assaulting Mr. Edwards with the knife; it merely alleged that he had it in his possession.

"A defendant may not be convicted of a lesser included offense of the crime charged if the [charging document] under which he is tried does not allege all the elements of that offense." *Vitko v. State*, 363 So. 2d 42, 42 (Fla. 2d DCA 1978) (citing *Brown v. State*, 206 So. 2d 377, 382 (Fla. 1968)); *see also N.H.M. v. State*, 974 So. 2d 484, 485-86 (Fla. 2d DCA 2008) ("A conviction on a charge not contained in the charging document is considered a denial of due process. This principle applies in juvenile delinquency proceedings." (citation omitted)).

The defendant in *Vitko* was charged with attempted robbery; at trial, the court granted the defense's motion for judgment of acquittal on the attempted robbery charge and sent the case to the jury to determine guilt on the lesser included offense of aggravated assault. *Vitko*, 363 So. 2d at 42. As in this case, the information alleged that the defendant carried a deadly weapon. *Id.* This court concluded that the defendant's conviction of aggravated assault could not stand because the information did not contain the essential elements of an aggravated assault. *Id.* at 42-43. "The information alleged only that appellant carried a deadly weapon, not that he assaulted the victim with a deadly weapon." *Id.* at 43.

The Florida Supreme Court has confirmed that the word "carry" cannot be replaced or assumed to be a synonym for "use" in the context of the aggravated assault statute. *See Owens v. State*, 475 So. 2d 1238, 1239 (Fla. 1985) (reaffirming upon certification from this court that aggravated assault jury instructions may not be read if the information

5

did not allege that a weapon was used to commit an assault); *State v. Baker*, 452 So. 2d 927, 929 (Fla. 1984) (approving of the distinction used by this court in *Vitko* because "the statutory element which enhances punishment for armed robbery is not the *use* of the deadly weapon, but the mere fact that a deadly weapon was *carried* by the perpetrator"); *see also Torrence v. State*, 440 So. 2d 392, 393 (Fla. 5th DCA 1983) ("An allegation that the accused 'carried a firearm' is insufficient [to establish aggravated assault].").

Based on the above, we reverse the disposition order and remand this case to the trial court for further proceedings. On remand, the delinquency court may consider whether the evidence was sufficient to find that J.M. committed an assault under section 784.011. *Cf. N.H.M.*, 974 So. 2d at 486 (remanding for consideration of whether N.H.M. had committed an assault as a lesser included offense of the charged offense of robbery).

Reversed and remanded.

SLEET, C.J., and KHOUZAM, J., Concur.

—————————————————

Opinion subject to revision prior to official publication.