PER CURIAM.
Acting under the provisions of section 921.001(4)(b), Florida Statutes (1983), the Sentencing Guidelines Commission has presented to this Court recommendations for changes in sentencing guidelines which require modification of criminal rules of procedure 3.701 and 3.988. We have reviewed the recommendations and approve the changes.* As with our original adoption of sentencing guidelines, In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983), the Committee Notes adopted herein are part of these rules.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
RULE 3.701. SENTENCING GUIDELINES
a. This rule is to be used in conjunction with forms 3.988(a)-(i).
*825 b.Statement of Purpose
The purpose of sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process. The guidelines represent a synthesis of current sentencing theory and historic sentencing practices throughout the state. Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.
The sentencing guidelines embody the following principles:
1. Sentencing should be neutral with respect to race, gender, and social and economic status.
2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
3. The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.
4. The severity of the sanction should increase with the length and nature of the offender’s criminal history.
5. The sentence imposed by the sentencing judge should reflect the length of time to be served, shortened only by the application of gain time.
6. While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons.
7. Because the capacities of state and local correctional facilities are finite, use of incarcerative sanctions should be limited to those persons convicted of more serious offenses or those who have longer criminal histories. To ensure such usage of finite resources, sanctions used in sentencing convicted felons should be the least restrictive necessary to achieve the purposes of the sentence.
c. Offense Categories
Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 [except subsection 782.-04(l)(a) ] and subsection 316.1931(2)
Category 2: Sexual offenses: Chapters 794 and 800 and section 826.04
Category 3: Robbery: Section 812.13
Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.-01
Category 5: Burglary: Chapter 810 and subsection 806.13(3)
Category 6: Thefts, forgery, fraud: Chapters 322, 409, 443, 509, 812 (except section 812.13), 815, 817, 831, and 832
Category 7: Drugs: Chapter 893
Category 8: Weapons: Chapter 790
Category 9: All other felony offenses
d. General Rules and Definitions
1. One guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing. The state attorney’s office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scor-esheets.
2. “Conviction” means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
& — “Primary offense” is defined as the most serious offense at conviction, — In the case of multiple offenses, the primary offense is determined on the basis of the following-:
*826 a)-TAe-offenso-w-ith-the-highest statutory-degree — ⅛-⅛⅜-order of life felony, first degree felony punishable-by — Iif% ■first degree, second-degree, and third degree felonies; and
b) In the event of two (2) or more offenses of- the same degree, by the lowest numerical offense- eategor-y-.-
3. “Primary offense” is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined in the following manner:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the “primary offense at conviction” with the other offenses at conviction scored as “additional offenses at conviction.”
b) The guidelines scoresheet which recommends the most severe sentence range shall be. the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
4. Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court shall be scored as additional offenses based upon their degree and the number of counts of each.
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions.
1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.
3) When unable to determine whether an offense at conviction is a felony or misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
b) Adult record: An offender’s prior record shall not be scored if the offender has maintained a conviction-free record for a period of ten (10) consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the instant offense.
c) Juvenile record: All prior juvenile' dispositions which are the equivalent of convictions as defined in section d(2), occurring within three (3) years of the current conviction commission of the instant offense and which would have been criminal if committed by an adult, shall be included in prior record.
6. Legal status at time of offense is defined as follows:
Offenders on parole, probation, or community control; in custody serving a sentence; escapes; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
¾ — Victim injury shall-not be scored if not-⅜ factor of an offense at convic-
7. Victim injury shall be scored if it is an element of any offenses at conviction.
8. Guidelines ranges: The presumptive sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. However, a sentence range is provided in order to permit some discretion without the requirement of a written explanation for departing from the presumptive sentence.
*827 9. Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
10. Sentences exceeding statutory máxi-mums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
11. Departures from the guideline sentence: Departures from the presumptive sentence guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons-for deviating from the guidelines.shall- not include factors ■ relating-to either instant offense or prior arrests for which convictions have not been obtained. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
13. Community control, a form of intensive supervised custody in the community involving restriction of the freedom of the offender, is a sanction which the court may impose upon a finding that probation is an unsuitable disposition. When community control is imposed, it shall not exceed the term provided by general law.
14.Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
COMMITTEE NOTE: (a) The operation of this rule is not intended to change the law or requirements of proof as regards sentencing.

(b) These principles are binding on the sentencing court.

(c) Only one category is proper in any particular case. Category 9, “All Other Felony Offenses,” should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.

Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by ch. 777.

If a defendant is to be-sentenced for a probation violation and the sentencing judge elects to revoke probationr-the-new sentence must be in accordance with the guidelines.-

(d)(1) Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a presentence investigation has been ordered. The forms for calculating the guidelines are forms 3.988(a)-(i).

(d)(2) This definition applies to both instant offense and prior record scoring.

(d)(3) The proper offense category is identified upon determination of the primary offense. When the defendant is convicted of violations of more than one 
*828
unique statute, the offenses are to be sorted by statutory degree. In the event of multiple offenses of the same statutory degree, the primary offense is identified by the corresponding offense category with the lowest numerical designation.

(d)(4) No points shall be scored for lesser and included offenses, or for offenses whieh-are-thesame as- offenses within the same act-or-transaction.-

(d)(5) Each separate prior felony and misdemeanor conviction in an offender’s prior record which amounts to a violation of Florida law shall be scored, unless discharged by the passage of time. Any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.

Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld or the record has been expunged.

Juvenile dispositions,, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the conviction for commission of the instant offense.

(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.

(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison. Any presumptive sentence may include the requirement that a fine be paid. The presumptive sentences are found in forms 3.988(a)-(i).

(d)(10) If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category.

(d)(ll) Reasons for departure shall be articulated at the time sentence is imposed. The written statement shall be made a part of the record, with sufficient specificity to inform all parties, as well as the public, of the reasons for departure. The court is prohibited from considering offenses for which the offender has not been convicted. Other factors, consistent and not in conflict with the Statement of Purpose, may be considered and utilized by the sentencing judge.

Sentences — under—provisions—of the Youthful-Offender Act (ch. 958), the Mentally Disordered Sex — Offender Act (ch. 917), or — which—require participation-in drug rehabilitation-prog-rams (sec. 397.12) need not conform to-the-gwideUnesr

(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed‘the guideline sentence, unless the provisions of paragraph 11 are complied with.

If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range- and-the total sanction imposed cannot exceed the maximum-guideline — ra/nge^ nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.

(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure.

(a) Category 1: Murder, Manslaughter
I. Primary offense at conviction

*829

II.Additional offenses at conviction

III.Prior record

IV.Legal status at time of offense
No restrictions 0
Legal constraint 21
V. Victim injury (physical)
None 0
Slight 7
Moderate 14
Death or severe 21

*830

(b) Category 2: Sexual Offenses
I. Primary offense at conviction

II. Additional offenses at conviction

*831 III. Prior record

IV. Legal status at time of offense
Under no restrictions 0
Under legal constraint 30
V. Victim injury (physical)
No contact 0
Contact but no penetration 20
Penetration or slight injury 40
Death or serious injury 85

*832 (c) Category 3: Robbery
I. Primary offense at conviction

II. Additional offenses at conviction

III. A. Prior record

*833 B. Prior convictions for Category 3 offenses
Number prior convictions — X 25 =
IV. Legal status at time of offense
No restrictions 0
Legal constraint 17
V. Victim injury (physical)
None 0
Slight 7
Moderate 14
Death or severe 21

*834 (d) Category 4: Violent Personal Crimes
I.Primary offense at conviction

II.Additional offenses at conviction

III.Prior record

*835 IV. Legal status at time of offense
No restrictions 0
Legal constraint 36
V. Victim injury (physical)
None 0
Slight 12
Moderate 24
Death or severe injury 36

*836 (e) Category 5: Burglary
I.Primary offense at conviction

II.Additional offenses at conviction

III.A. Prior record

*837 B. Prior convictions for Category 5 offenses
Number prior convictions — X 5 =
IV. Legal status at time of offense
No restrictions 0
Legal constraint 10
V. Victim injury (physical)
None 0
Slight 5
Moderate 10
Death or severe 15

*838 (f) Category 6: Thefts, Forgery, Fraud:
I.Primary offense at conviction

II.Additional offenses at conviction

III.A. Prior record

*839 B. Prior convictions for Category 6 offenses
Number prior convictions — X 5 =
IV. Legal status at time of offense
No restrictions 0
Legal constraint 6
Y. Victim injury (physical)
None 0
Slight 3
Moderate 6
Death or severe 9

*840 (g) Category 7: Drugs
I.Primary offense at conviction

II.Additional offenses at conviction

III.Prior record

IV.Legal status at time of offense
No restrictions 0
Legal constraint 14
V.Victim injury (physical)
None 0
Slight 5
Moderate 10
Death or severe 15

*841

(h) Category 8: Weapons
I. Primary offense at conviction

II. Additional offenses at conviction

*842 III. Prior record

IV. Legal status at time of offense
No restrictions 0
Legal constraint 12
V. Victim injury (physical)
None 0
Slight 4
Moderate 8
Death or severe 12

*843 (i) Category 9: All Other Felony Offenses
I.Primary offense at conviction

II.Additional offenses at conviction

III.Prior record

IV.Legal status at time of offense
No restrictions 0
Legal constraint 24
V. Victim injury (physical)
None 0
Slight 8
Moderate 16
Death or severe 24

*844

 The essential changes and reasons therefor are:
1) Redefine “primary offense” (3.701(d)(3)). The existing definition has been criticized because it allows manipulation among the guideline categories. Because the proposed redefinition selects the category with the most severe punishment, it is anticipated that manipulation will be avoided.
2) Revise 3.701(d)(5)(a) to result in greater precision when determining prior record. The date of commission of the "primary offense" (defined at 3.701(d)(3)) will now be controlling.
3) Alter the time period for the calculation of juvenile prior record (3.701(d)(5)(c)). The existing provision makes juvenile record difficult to determine and hinges upon the date for the new conviction. The revision facilitates prior record determination by stopping the time period at the commission of the new offense. The revision includes a technical amendment to the Committee Note.
4) Redefine "victim injury" (3.701(d)(7)). This change makes clear that victim injury points are to be included when physical injury is an element of an offense at conviction.
5) Two revisions are made to 3.701(d)(ll). The first change is technical in nature and better expresses the sentencing discretion of the court. The end of this paragraph has been revamped to replace the cumbersome language in the current rule. A change in the Committee Note is included to further express the intent of the Commission.
6) A new paragraph regarding violation of probation and community control is added to the rule (3.701(d)(14)).
7) Revisions have been made to the guidelines scoresheets (3.988(a) — (i)). Each form has been revised to permit scoring offenses and prior convictions in excess of four counts. Additionally, tables for first-degree felonies punishable by life have been included in 3.988(a) and (e) for primary offense purposes. The prior record sections of each form have been revised to include tables for scoring first-degree felonies punishable by life.
8) Increase the primary offense points in Category 2, Sexual Offenses, of rule 3.988, form (b). The revision increases the primary offense points by 20% and will result in both increased rates and length of incarceration for sexual offenders. This revision represents a substantial departure from pre-guidelines practice, but is consistent with the urgings of many commentators.
9) The Committee Note to 3.701(d)(4) has been restricted in scope to avoid confusion.
10) The Committee Note to 3.701(d)(8) has been amended to permit imposition of fines in accordance with prison sentences.
11) Language has been added to the Committee Note to 3.701(d)(ll) which will require the sentencing court to disclose reasons for deviating from the guidelines at the time the sentence is imposed.
12) The Committee Note to 3.701(d)(ll), which discusses statutory alternatives, has been completely eliminated. While these statutory alternatives are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used.
13) The Committee Note to 3.701(d)(12) has been revamped. This language will permit the sentencing court to impose probation terms consecutive to prison sentences, limited in length only by general law.