SMITH, Judge.
Appellant, a youthful offender, appeals his sentence imposed subsequent to the revocation of community control. He raises as error the trial court’s refusal to sentence him in accordance with the new sentencing guidelines. Rule 3.701, F.R. Crim.P. We affirm.
On December 7, 1983, appellant pled guilty to violating community control and the court revoked his community control. He sought to be sentenced pursuant to the guidelines, which became effective October 1,1983, but the trial court declined. At the time of sentencing, the committee note to Rule 3.701(d)(ll) provided that sentences under the provisions of the Youthful Offender Act need not conform to the guidelines. We stated that the committee notes would be regarded as persuasive in Dug-gar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). The Florida Supreme Court has now made it clear that committee notes are adopted as a part of the rule. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984).
However, during the pendency of this appeal, Rule 3.701 and the committee notes were amended. See The Florida Bar: Amendment to Rules of Criminal Procedure, supra. The effective date of these amendments is July 1, 1984. Ch. 84-328, Laws of Florida (1984). In the amended version of the committee note to Rule 3.701(d)(ll) the language to the effect that sentences under the provisions of the Youthful Offender Act need not conform to the guidelines was deleted. A new provision to subsection (d) of Rule 3.701 was added, which states:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
See Rule 3.701(d)(14), F.R.Crim.P.
We held in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), that a probationer who was sentenced for violation of his probation subsequent to October 1, 1983, was entitled to be sentenced pursuant to the guidelines, but that the amended Rule 3.701(d)(14) would not apply should the probationer be sentenced subsequent to July 1, 1984, the effective date of the amendments. Applying the same rule — i.e., that the par *695 ticular amendment under consideration here has no retroactive effect — we hold that appellant was and is not entitled to be sentenced under the guidelines.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.