454 So.2d 749 (1984)
Albert SWEAT, Appellant,
v.
STATE of Florida, Appellee.
No. AW-100.
District Court of Appeal of Florida, First District.
August 23, 1984.
*750 Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Sweat appeals his 18-month sentence, contending the trial court erred in exceeding the sentence recommended by the sentencing guidelines set forth in Rules 3.701 and 3.988, Fla.R.Crim.P. (1983). We affirm.
On 22 August 1983, Sweat was charged with sexual battery of a four-year-old mongoloid child contrary to Section 794.011, Florida Statutes. Subsequently, he pled guilty to the lesser included offense of lewd and lascivious or indecent assault or act upon or in the presence of a child contrary to Section 800.04, Florida Statutes.
Sweat elected to be sentenced under the sentencing guidelines. At the sentencing hearing, it was developed that Sweat was reared by the victim's parents, that he was intoxicated at the time of the incident, and that the victim was not injured by the assault. The recommended sentence under the sentencing guidelines was any nonstate prison sanction. The trial judge departed from the sentencing guidelines and sentenced Sweat to 18 months in the Department of Corrections, recommending that he be confined to a facility for the treatment of mentally disoriented sex offenders.
The Committee Note to Rule 3.701(d)(11), in existence at the time of sentencing, suggests that sentences under the Mentally Disoriented Sex Offender Act (Chapter 917) "need not conform to the guidelines." The Supreme Court adopted the committee notes at the time it adopted the sentencing guidelines. See Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). We interpret this note to mean that once an offender is determined to be a candidate for mentally disoriented sex offender treatment, Rule 3.701 is not applicable.
A word of caution, however. On 8 May 1984, the Supreme Court approved changes in the sentencing guidelines and the committee note to Section 3.701(d)(11) has been deleted. The Court stated that "The Committee Note to 3.701(d)(11), which discusses statutory alternatives, has been completely eliminated. While these statutory alternatives are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used."
The sentence imposed in this case is affirmed.
WIGGINTON, J., concurs.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting:
I respectfully dissent and would hold that the sentencing guidelines should be applied.
Section 921.001, Florida Statutes (1983), authorized the Supreme Court to develop and implement statewide sentencing guidelines. This statute provides in subsection (4)(a), in pertinent part, that "[t]he guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act." (e.s.) Manifestly, the guidelines should be applied to the offense pleaded to by Sweat, since violation of section 800.04, Florida Statutes, results in the offender being guilty of a felony of the second degree. The committee note to Rule 3.701(d)(11) carving out an exception to the statute, and relied upon by the majority, cannot control since the statute must prevail over the committee note, prescribed punishment for criminal offenses being substantive law. See Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975).
*751 Moreover, I note that the initial guidelines adopted by the Supreme Court as set forth In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983), were not adopted by the Legislature. Significantly, however, the revisions to the sentencing guidelines promulgated by the Supreme Court were adopted by the Legislature and these revisions specifically deleted that part of the committee note relied upon by the majority. Although I can only hypothesize that the Sentencing Commission, the Supreme Court, and the Legislature through its adoption of the Supreme Court's revisions, deleted this part of the committee note in order to conform the note to Section 921.001(4)(a), such hypothesis is unnecessary since the committee note would not be controlling even if this revision had not been made.