457 So.2d 503 (1984)
James Henry DORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. AV-409.
District Court of Appeal of Florida, First District.
August 28, 1984.
Rehearing Denied October 16, 1984.
Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, and Brenda Neel, Student Asst., Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Dorman appeals his seven-year sentence, arguing the judge erred in departing from *504 the recommended sentence under the sentencing guidelines as set forth in rules 3.701 and 3.988, Florida Rules of Criminal Procedure. We affirm.
Dorman was originally charged by information with two counts of lewd, lascivious and indecent assault upon two female children under the age of fourteen, in violation of section 800.04, Florida Statutes. The information was subsequently consolidated with an indictment charging Dorman with two counts of sexual battery on the same children, in violation of section 794.011, Florida Statutes. Dorman accepted a negotiated plea and plead nolo contendere to one charge of lewd and lascivious assault.
Dorman elected to be sentenced under the sentencing guidelines, and was sentenced on October 17, 1983.[1] Although the recommended sentence under the guidelines was "any nonstate prison sanction," the judge departed from that recommendation and sentenced Dorman to a term of seven years. The judge's reason for his departure was his belief that Dorman was in need of in-patient treatment as provided under chapter 917, Florida Statutes, for mentally disordered sex offenders (MDSO). The judge noted in his statement of "Reasons For Exceeding Recommended Sentencing Guidelines," that for Dorman to be eligible for the MDSO program he must first be committed to the Department of Corrections. It was the judge's opinion, from previous experience with the department, that the MDSO program is effective only if the offender is able to receive longterm residential care. The judge concluded:
Following the "Sentencing Guidelines" in this cause would require that we wait for the defendant to assault another minor child before meaningful sanctions could be applied. Justice and common sense demand otherwise.
On appeal, Dorman argues that the judge's reasons for his departing from the guidelines in sentencing Dorman are invalid, and that his departure was clearly excessive. We disagree.
Generally, all sentences must conform to the applicable guideline range "unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence." Fla.R.Crim.P. 3.701d.11. The committee note to rule 3.701d.11. in existence at the time of sentencing, suggested that sentences under provisions of the Mentally Disordered Sex Offender Act (ch. 917) "need not conform to the guidelines." See Committee Note (d)(11), In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla. 1983). However, Dorman argues that the committee note erroneously assumes that the sentencing court has the power to order a defendant be placed in the MDSO program. Citing to Florida Department of Health and Rehabilitative Services v. Gross, 421 So.2d 44 (Fla. 3d DCA 1982), Dorman contends that the court can only recommend that the Department of Corrections afford a defendant this treatment.
Although we do not disagree with Dorman's interpretation of Gross and chapter 917, we point out that the judge indeed only "recommended" that Dorman be placed in the MDSO program. However, we also recognize that Committee Note (d)(11) clearly authorized the judge to consider Dorman's need for such program as a reason for not conforming Dorman's sentence to the guidelines.[2]
*505 Recently, the supreme court approved certain recommendations for changes in the sentencing guidelines submitted by the Sentencing Guidelines Commission, with the concomitant modification of rules 3.701 and 3.988. Among the changes approved was the deletion of Committee Note (d)(11). See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). The court noted the reason for that particular deletion as follows:
The Committee Note to 3.701(d)(11), which discusses statutory alternatives, has been completely eliminated. While these statutory alternatives [e.g. ch. 917 (Mentally Disordered Sex Offender Act)] are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used.
However, that amendment, effective July 1, 1984, has no retroactive effect. See McGrath v. State, 454 So.2d 694 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Accordingly, the trial court properly complied with the guidelines.[3]
Moreover, we do not consider the seven-year sentence to be clearly excessive. Dorman was convicted of a violation of section 800.04, which carries with it a maximum penalty of fifteen years incarceration under section 775.082(3)(c), Florida Statutes.
AFFIRMED.
MILLS, J., concurs.
SHIVERS, J., dissents, with written opinion.
SHIVERS, Judge, dissenting:
I respectfully dissent, primarily, for the reason given in my dissent in State v. Sweat, 454 So.2d 749 (Fla. 1st DCA 1984).
For further reason, I do not see how a defendant whose sentence under the Sentencing Guidelines would not exceed a nonstate prison sanction (and who is, therefore, not eligible for the Mentally Disordered Sex Offender Program) can be given a prison term outside the Guidelines for the purpose of making him eligible for that program. Nor do I see how such prison sentence would then be a sentence under the Guidelines.

ON MOTION FOR REHEARING
WIGGINTON, Judge.
We deny appellant's Motion for Rehearing but clarify our original opinion as there appears to be some confusion as to appellant's present status. In our opinion we held the trial court did not err in sentencing Dorman to seven years incarceration in the Department of Corrections, and in recommending that Dorman be considered as a candidate for treatment as a mentally disordered sex offender. Once an offender is determined to be such a candidate, rule 3.701 is not applicable. See Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984); and cf. McGrath v. State, 454 So.2d 694 (Fla. 1st DCA 1984). Consequently, appellant will be eligible for parole consideration.
MILLS, J., concurs.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissenting:
I respectfully dissent for the reasons earlier stated.
NOTES
[1] As Dorman's offenses were committed by him prior to October 1, 1983, the effective date of the guidelines, but as he was to be sentenced subsequent to that date, Dorman had the option of "affirmatively" selecting to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
[2] Although we have in the past expressed some doubt as to whether the supreme court adopted the committee notes when it originally adopted rules 3.701 and 3.988, see Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984), we have no doubt now that they were adopted, in light of the supreme court's recent decision adopting the revised version of the rules, wherein it holds, "As with our original adoption of sentencing guidelines ... the Committee Notes adopted herein are part of these rules." (emphasis added). The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[3] Dorman would argue that the judge had several reasons for departing from the guidelines, all of which are invalid. However, we find those purported reasons to be in actuality only one, that is, the judge's desire to commit Dorman to the department in order that he be eligible for the MDSO program. Consequently, since we now hold that reason to be valid, we need not address further, Dorman's argument.