457 So.2d 570 (1984)
Dorion FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1661.
District Court of Appeal of Florida, Fifth District.
October 11, 1984.
*571 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing case involving a departure from the sentencing guidelines.
Charged with, and tried for, robbery the jury found appellant guilty of grand theft. Appellant elected to be sentenced under Florida sentencing guidelines, although his offense was committed before the effective date (October 1, 1983), of the sentencing guidelines and appellant was sentenced after that date.[1]
Although weighted by factoring for a prior criminal record of a third degree felony and four or more misdemeanor convictions and for being under legal constraint (probation) at the time of the offense, Form 3.988(f), Category 6, resulted in but 30 points which equates with a recommended guideline sentence of the lowest recommended range, i.e., any non-state prison sanction. The trial judge departed from the recommended guideline sentence and sentenced appellant to state prison for confinement for three years stating in writing the reasons for departure to be that "[t]he defendant is apparently a regular street prostitute and in this particular case he used force or threatened force to accomplish this theft."
We are forced to find that these are not "clear and convincing" lawful reasons for departure from the recommended guideline sentence in this case and to reverse. First, although the trial judge may have properly inferred that appellant is "a regular street prostitute," the basis for that inference was apparently the facts learned by the trial judge from the trial "relating to the instant offense" and from appellant's prior criminal history (one or more of his prior convictions was the basis for appellant's "legal constraint at time of offense")[2] and the guideline explicitly prohibits these factors as reasons for a departure sentence, see Florida Rule of Criminal Procedure 3.701 b.6 and d.11. and The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). Secondly, because appellant was charged with and tried for robbery, the jury's verdict finding him guilty only of grand larceny constituted an implicit finding that appellant did not accomplish his theft "by force, violence, assault or putting in fear," the elemental difference between theft and robbery.[3] Constitutionally a defendant should not be punished (sentenced) for conduct of which he has been acquitted.[4] Further, to depart from the recommended guideline sentence in this case on the basis that the defendant used or threatened force in accomplishing the theft for which he was being sentenced would be to consider "factors relating to the instant offenses for which convictions have not been obtained" (Rule 3.701 d.11. as "revamped" *572 May 8, 1984),[5] a reason for departure expressly prohibited, and would also constitute a "real offense" sentencing. See generally Provence v. State, 337 So.2d 783 (Fla. 1976); Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); Jacobson and Wesley, Florida Sentencing Guidelines, Sentencing Guidelines and Sentencing Advocacy Seminar, The Florida Bar Continuing Legal Education Committee, page 1.13 (1983).
The order imposing appellant's sentence is reversed, the sentence vacated and the cause remanded for resentencing in accordance with the legislatively approved Florida Rules of Criminal Procedure establishing sentencing guidelines, as interpreted in this opinion.
REVERSED AND REMANDED.
DAUKSCH J., concurs.
ORFINGER, J., dissents with opinion.
ORFINGER, Judge, dissenting.
The defendant's prior criminal record is a sufficient basis for a departure from the sentencing guidelines. Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). Additionally, the fact that the instant crime was committed while appellant was on probation was a clear and convincing reason for which the trial court could depart from the guideline sentence. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). I therefore dissent, and would affirm the sentence.
NOTES
[1] See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
[2] See State v. Brusven, 327 N.W.2d 591, 593 (Minn. 1982). Minnesota uses a guideline sentencing concept.
[3] Compare theft (§ 812.014, Fla. Stat.) with robbery (§ 812.13, Fla. Stat.) and see Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1984), but cf., Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983).
[4] See generally Schulhofer, Due Process of Sentencing, 128 U.Pa.L.Rev. 733 (1980).
[5] The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).