PER CURIAM.
Upon finding appellant guilty of violation of his probation, the parties agreed that the appellant had a guideline score of fifty points, which placed him in the twelve to thirty months sentence range. However, the trial court felt he could elevate the sentence to the next category or grid on a violation of probation and thus sentenced appellant to two years, ten months, and nine days, with credit for time served. Appellant objected to raising the sentence to the next grid because the amendment to the rule (Florida Rule of Criminal Procedure 3.701(d)(14)) was not adopted until May 8, 1984, and the sentencing took place on March 5, 1984.
We hold that appellant’s contention has merit. Recently approved changes in the sentencing guidelines have no retroactive effect. Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984); see also Kelly, v. State, 461 So.2d 192 (Fla. 4th DCA 1984). Furthermore, the court’s record explanation of why he was deviating from the guidelines (assuming that he was) is inadequate under the rule to demonstrate clear and convincing reasons therefor. Fla.R.Crim.P. 3.701 (d)(ll).
Accordingly, we reverse the appellant’s sentence and remand for further sentencing.
DOWNEY, DELL and BARKETT, JJ., concur.