PEARSON, TILLMAN (Ret.), Associate Judge.
Appellant, a juvenile, was charged by separate informations with four counts of burglary of a structure, three counts of grand theft, and three counts of burglary of a conveyance. He pleaded nolo conten-dere to the charges. The recommended guidelines sentence was 12 to 30 months of incarceration. He was sentenced as a youthful offender under Section 958.05, Florida Statutes (1983), to four years of imprisonment, to be followed by two years of community control. On this appeal, he contends that the trial court erred in deviating from the recommended guidelines sentence when no reasons for the departure were given.
The basis for appellant’s argument is his contention that youthful offender sentences were under the established guidelines on June 13, 1984, when he was sentenced. We hold that the effective date of the revised guidelines was July 1, 1984, as specified by the Legislature. At the time of sentencing, the committee note to Rule 3.701(d)(ll) provided that sentences under the provisions of the Youthful Offender Act need not conform to the guidelines. The committee note was a part of the rule. McGrath v. State, 454 So.2d 694 (Fla. 1st DCA 1984).
*915 Appellant’s argument that the effective date of the change was May 8,1984, when the Supreme Court of Florida revised the rule and deleted the above provision of the committee note, is incorrect because the revision was one that changed the substantive law and thus was properly effective upon legislative approval. Cf., Benyard v. Wainwright, 322 So.2d 473 (Fla.1975); Vaught v. State, 410 So.2d 147 (Fla.1982). The original committee note to Rule 3.701(d)(ll) was properly applied. A sentence coming under the Youthful Offender Act was a nonguidelines sentence and not a departure. See Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984); Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984).
It should be noted that, contrary to the indication of the Florida Parole and Probation Commission, the appellant is entitled to parole eligibility.
Affirmed.
MILLS and NIMMONS, JJ., concur.