DAUKSCH, Judge.
This is an appeal from a sentence which departed from the recommended guidelines.
Appellant was convicted of incest. The recommended guidelines sentence is any nonstate prison sanction. Rule 3.988, Fla. R.Crim.P. The sentencing judge departed for the reason that appellant needs treatment under the Mentally Disordered Sex Offender (MDSO) program. Under the MDSO statute the only way a convict can get the MDSO treatment is if he is in the state prison. § 917.012, Fla.Stat. (1983). So, the question on appeal is whether a judicial determination that a convicted sex offender is a mentally disordered sex offender is a sufficient reason to depart from the sentencing guidelines. We answer the question in the affirmative and thus affirm the sentence. In so doing we align ourselves with the First District Court of Appeal in their determination in Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984) and Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984) that those persons who are in need of MDSO treatment are not entitled to a nonstate prison sanction. Without a consideration of the committee notes and their changes as discussed in the Dorman and Sweat opinions we base our ruling upon the simple logic that if a convict is judicially determined to be in need of MDSO treatment and because the only way a judge’s recommendation for that treatment can be followed by the state is while-the convict is in prison then the guidelines statute must yield to the MDSO statute in order for the state to follow the recommendation. It is our opinion that the more particular MDSO statute should prevail over the more general sentencing guideline statute when a person qualifies for the treatment. The sentence is affirmed.
AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.