472 So.2d 875 (1985)
Ray BRADDOCK, Appellant,
v.
STATE of Florida, Appellee.
No. BA-228.
District Court of Appeal of Florida, First District.
July 18, 1985.
*876 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR CLARIFICATION, REHEARING, OR REHEARING EN BANC
JOANOS, Judge.
Appellee's motion for rehearing or rehearing en banc is denied, but the motion for clarification is granted and the following opinion is substituted for the previously issued opinion which is withdrawn.
Braddock appeals from his judgment and sentence as a youthful offender, contending the trial court improperly exceeded the sentencing guidelines without expressing clear and convincing reasons for the departure. We agree and reverse.
Braddock was sentenced on 2 July 1984, after the Supreme Court of Florida deleted the committee notes which exempted youthful offender sentences from the guidelines and the legislature ratified that deletion. Sentences imposed after 1 July 1984 are no longer exempt from the requirement of written clear and convincing reasons for departure from the sentencing guidelines. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985); E.W. v. State, 469 So.2d 914 (Fla. 1st DCA 1985).
The state argues that Braddock's failure to contemporaneously object to the sentencing error precludes appellate review, citing Ford v. Wainwright, 451 So.2d 471 (Fla. 1984). Ford is inapplicable as it involved the failure to contemporaneously object to jury instructions given during the sentencing phase. Braddock's failure to contemporaneously object to the trial court's departure from the sentencing guidelines does not foreclose the issue on appeal. Rhoden v. State, 448 So.2d 1013 (Fla. 1984); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984).
Accordingly, we reverse and remand for correction of the sentence to comply with the sentencing guidelines or publication of clear and convincing reasons for departure.
ERVIN and SHIVERS, JJ., concur.