BARKETT, ROSEMARY, Associate Judge.
Valentin Borrell appeals his conviction for possession of cocaine and his sentence which was enhanced pursuant to the habitual offender statute, section 775.084, Florida Statutes (1983). We affirm the conviction but find that the record does not support the trial court’s finding that Borrell should be sentenced as an habitual offender.
Borrell was brought to trial on three counts; Count I, aggravated assault; Count II, shooting into an occupied vehicle; and Count III, possession of cocaine. He was found not guilty of Counts I and II, and guilty of Count III, possession of cocaine. Subsequent to the verdict, a sentencing hearing was held and the state requested that Borrell’s sentence be enhanced under the habitual offender statute. The trial judge found Borrell to be an habitual felony offender and enhanced his punishment pursuant to section 775.-084(4)(a), Florida Statutes (1983).
There is no question that Borrell qualified as an “habitual felony offender” as to the threshold inquiry required by the statute, that is, there was a finding that Bor-rell was previously convicted of possession of cocaine in 1983 and of attempted burglary of a structure in 1981. The issue before us in this appeal is whether the trial court’s second stage determination that an extend *1187 ed sentence was “necessary for the protection of the public” was correct.
Section 775.084(3) of the habitual felony offender statute provides:
(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4)....
Thus, the trial court must find that the imposition of sentence under section 775.-084 is necessary for the protection of the public from further criminal activity by the defendant. Eutsey v. State, 383 So.2d 219, 226 (Fla.1980). See Chukes v. State, 334 So.2d 289, 290 (Fla. 4th DCA 1976). This finding must be found to exist by a preponderance of the evidence. § 775.084(3)(d), Fla.Stat. (1983).
In his written order, the trial judge cited three separate grounds for declaring Bor-rell to be an habitual offender. The first ground cited by the trial judge was as follows:
Over the objection of the defendant I am considering the facts that were elicited in the jury trial which led to the conviction of this defendant for possession of cocaine. While the jury did acquit the defendant of the acts of violence against an occupied public bus and the particular alleged victim in the aggravated assault, I find by a preponderance of the evidence that this demonstrated irresponsible and violent behavior on the part of the defendant in conjunction with the commission of the crime for which he was convicted. [Emphasis supplied.]
We find that this is an improper basis for declaring Borrell to be an habitual offender. We find persuasive authority in the analogous case of Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983), motion denied, 446 So.2d 100 (Fla.1984). In that case, the defendant was charged with first degree murder. The jury convicted him of second degree murder rejecting his contention of self defense. The court imposed a sixty-year sentence and retained jurisdiction during the first one-third of the sentence. As one ground for justification of the enhancement, the trial judge stated that the “defendant committed the offense of murder after deliberation.” The trial court’s order retaining jurisdiction was subsequently reversed on appeal. The Third District Court of Appeal stated:
The defendant’s commission of a deliberate act of murder, the court’s first justification, is inconsistent with the jury verdict. Deliberate, in the context of its usage herein, implies a planned or premeditated act to effect the death of a particular person. “Deliberation” is often used interchangeably with “premeditation” to describe the essential element of first-degree murder. The jury acquitted on the first-degree murder charge and convicted for second-degree murder, the elements of which are the perpetration of an “act imminently dangerous to another and evincing a depraved mind ... without any premeditated design to effect the death of any particular individual. ...” The trial judge’s view of the evidence may be entirely correct but he is not free to disregard the jury’s findings even for the purpose of enhancing a sentence.
Id. at 1113 (emphasis supplied, footnotes omitted).
Similarly, in Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984), the Fifth District Court of Appeal reversed a sentence in which the trial judge departed from the sentencing guidelines due to testimony at trial which the jury apparently did not believe. The defendant in Fletcher was charged with robbery. The jury found him guilty of grand theft. One of the reasons the trial judge gave for departing from the presumptive guideline sentence was that the defendant had used or threatened force to accomplish the theft. The court found this ground not to be a “clear and convincing” reason for departure, and stated:
Constitutionally a defendant should not be punished (sentenced) for conduct of which he has been acquitted.
Id. at 571 (footnote omitted).
In the instant case, Borrell was acquitted of aggravated assault and shooting *1188 into an occupied vehicle. Yet, the trial court has enhanced his sentence for those very acts. As the Owen court held, the trial judge’s view of the evidence may be entirely correct, but he is not free to dis-. regard the jury’s findings for the purpose of enhancing a sentence. Acquitted conduct cannot be used for the purpose of additional punishment.
The second ground cited by the trial judge in declaring Borrell an habitual offender was the following:
It is appropriate to note that in my years of experience on the criminal bench, I have rarely encountered efforts of the State to enhance punishment. Indeed it occurs rarely and I can only recall one or two others in addition to this. I am considering that as a factor in this decision because I think it lends credibility to the State’s effort.
We reject this reason as a factor which would substantiate a finding that a defendant is an habitual offender. Whether the state rarely or frequently seeks habitual offender enhancement is totally irrelevant to the requirement of the statute compelling the trial court to make findings of fact that an extended term is necessary to protect the public from defendant’s further criminal conduct. The number of potential habitual offenders in any one criminal division of the circuit court has no bearing on this required finding. We note that the state concedes that this ground is an improper basis for declaring a defendant to be an habitual felony offender.
The trial judge’s third ground for declaring Borrell an habitual offender was that the testimony of the police officer at the sentencing hearing was “persuasive and creditable”:
He has been a West Palm Beach Police Officer since 1968 and is familiar with all aspects of police work in his city. He testified that this defendant ranks as a nine in terms of dangerousness to citizens of the city on a scale of one to ten. When asked how many other persons in the City of West Palm Beach would rank at that level of dangerousness, his answer was perhaps a half a dozen.
Although the trial judge asked the officer to score Borrell as to “dangerousness,” there was no criteria provided to assess the scoring. It was speculative and abstract. A police officer’s broad and naked statement that a particular defendant is “dangerous” is insufficient to support the finding at bar. Moreover, the opinion of a police officer that a defendant is “dangerous” cannot be used as a substitute for the court’s finding that the extended term is necessary to protect the public from defendant's further criminal conduct.
Accordingly, the order declaring Borrell to be an habitual offender is hereby vacated and this cause remanded for resentenc-ing in accordance with the provisions of the sentencing guidelines.
ORDER VACATED and CAUSE REMANDED FOR RESENTENCING.
HURLEY and DELL, JJ., concur.