483 So.2d 790 (1986)
Roberto LORENZO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1878.
District Court of Appeal of Florida, Fourth District.
February 12, 1986.
Rehearing and Rehearing Denied March 19, 1986.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied March 19, 1986.
DELL, Judge.
On June 17, 1983, appellant pled nolo contendere to a charge of indecent assault upon a male child. The court placed him on probation for a period of two years. On June 10, 1985, the State filed an affidavit charging him with violation of his probation "in that ... he did then and there unlawfully expose or exhibit his sexual organs or go naked in a public place... ." The trial court found that appellant had violated the terms of his probation and entered an order of revocation. The guidelines scoresheet yielded a recommended guidelines sentence of community control or twelve to thirty months incarceration. The trial court increased appellant's guidelines sentence by one cell for violation of probation and then departed from the two and one-half to three and one-half year period of incarceration as provided by the next higher cell and sentenced appellant to ten years in prison. The trial court based its departure on the following reasons:
1. It is obvious that the defendant is a mentally disoriented sex offender and such aggravation of sentence is necessary to place the defendant in a program for mentally disoriented sex offenders.
2. The defendant is in violation of his probation for the charge of Indecent Assault, on a male child under 14 by committing *791 a substantive violation of law while on probation to wit: Lewd Act in the presence of several minor children.
3. Protection of society necessitates this upward deviation of the guidelines sentence from 3 1/2 years to 10 years incarceration in the Florida State Prison System.
Appellant contends that the reasons advanced by the trial court do not constitute clear and convincing reasons to depart from the guidelines and are otherwise invalid. We agree.
A trial court may depart from the recommended guidelines sentence on the basis of a defendant's need for treatment under the Mentally Disordered Sex Offender (MDSO) program where the recommended sentence is any non-state prison sanction. Dodd v. State, 471 So.2d 668 (Fla. 5th DCA 1985).
Under the MDSO statute the only way a convict can get the MDSO treatment is if he is in the state prison. § 917.012, Fla. Stat. (1983). So, the question on appeal is whether a judicial determination that a convicted sex offender is a mentally disordered sex offender is a sufficient reason to depart from the sentencing guidelines. We answer the question in the affirmative and thus affirm the sentence... . [W]e base our ruling upon the simple logic that if a convict is judicially determined to be in need of MDSO treatment and because the only way a judge's recommendation for that treatment can be followed by the state is while the convict is in prison then the guidelines statute must yield to the MDSO statute in order for the state to follow the recommendation.
Id. at 668; see also Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984).
Here, however, the applicable guidelines sentence provided for two and one-half to three and one-half years incarceration. Therefore, the first reason advanced by the trial court does not constitute a clear and convincing reason for departure since the trial court did not need to aggravate appellant's sentence in order to make him eligible for the MDSO program.
The trial court's second reason for departure from the guidelines relates only to appellant's violation of probation and as such would constitute an impermissible reason for departure. See Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985) and Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985).
Finally, the State concedes that the third reason as stated by the trial court  the protection of society  is too vague standing alone to support a departure from the guidelines.
Therefore we reverse the trial court's sentence and remand this cause for resentencing.
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.