PER CURIAM.
The state seeks reversal of a downward sentence deviation. The defendant was charged with kidnapping, three counts of sexual battery, and unlawful possession of a firearm by a convicted felon. After reviewing two psychological evaluations, the trial court made a plea offer requiring the defendant to participate in the Mentally Disordered Sex Offenders (MDSO) program during a ten-year probation to follow a minimum mandatory three-year term of imprisonment. The defendant accepted the offer and was convicted. The sentence entered deviated downward from the guidelines scoresheet recommendation of a twenty-two to twenty-seven year sentence. The judge’s reason for the departure was that “there is no possibility of receiving such [mentally disordered sex offender] treatment during the period of incarceration.” We reverse the sentence and remand the case to the trial court for resentencing.
According to section 917.012, Florida Statutes (1989), a convict can only receive MDSO treatment while in prison. See Dodd. v. State, 471 So.2d 668 (Fla. 5th DCA 1985); Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984). Therefore, since the only effective way to get treatment is while in prison, the departure sentence was inappropriate.
Moreover, unlike State v. Forbes, 536 So.2d 356 (Fla.3d DCA 1988), and State v. Twelves, 463 So.2d 493 (Fla.2d DCA 1985), where the reasons for sentencing below the guidelines involved findings that the defendants had a strong motivation to be rehabilitated, the judge here made no such finding in his order. He merely stated that the defendant “freely admitted his guilt ... and is amenable to treatment.” This finding is not equivalent to a showing of a strong motivation for rehabilitation; thus, Forbes and Twelves are not controlling.
Consequently, we reverse. Upon remand, the defendant shall be given the *175 option to withdraw his plea and go to trial or be resentenced within the guidelines.