ON MOTION TO RECALL MANDATE
PER CURIAM.
In our original opinion in this case, relying on section 917.012, Florida Statutes (1989), we reversed an order granting a downward departure sentence to a sex offender.[1] We held that the trial court erred in reasoning that the downward deviation was acceptable because the defendant could not receive mentally disordered sex offender (MDSO) treatment while in prison. 584 So.2d 174. We concluded that pursuant to section 917.012, MDSO treatment was available in prison; thus the downward departure was improper.
Since the issuance of the mandate entered in this appeal on August 29, 1991, and after the expiration of the rehearing time limit, counsel for defendant learned and advised this court that section 917.012 was repealed on July 21, 1991: after defendant was sentenced but before this court issued its opinion. Defendant claims that MDSO treatment is no longer available in state prison. Consequently, he contends, the trial judge’s downward departure sentence, which enabled defendant to seek treatment outside of prison, is affirmable.
We grant the defendant’s motion to recall the mandate, and we issue this alternate opinion. E.g., Owens v. State, 444 So.2d 951 (Fla. 2d DCA 1984), aff'd, 475 So.2d 1238 (Fla.1985). We decline to affirm the downward departure sentence, however. Instead, we vacate the sentence, basing our reversal on the following, alternate analysis.
In light of a severe budgetary shortfall, the legislature repealed section 917.-012 which prescribed the procedures, treatment and handling of MDSO’s. Ch. 91-225 preamble and § 25, Laws of Fla. However, the legislature left intact section 945.12 which authorizes the Department of Corrections to transfer prisoners requiring special services for mental illness, including treatment for sexual deviation, to appropriate public or private facilities which offer treatment and secure confinement. Therefore, even in light of the repeal of section 917.012, under section 945.12, rehabilitative treatment during a prison term is available. The repeal of section 917.012 does not make the downward departure sentence acceptable. Thus, the trial judge’s stated reason for departure based *1031 on the unavailability of treatment during imprisonment is and remains invalid.
Furthermore, the judge’s additional finding, i.e., the defendant “freely admitted his guilt ... and is amenable to treatment” is an insufficient reason to support the departure sentence. Unlike State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988), and State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985), where the reasons for sentencing below the guidelines involved findings that the defendants had a strong motivation to be rehabilitated, the judge here made no such finding in his order. Amenability to treatment is not equivalent to a showing of a strong motivation for rehabilitation; thus, Forbes and Twelves are not controlling.
Accordingly, we vacate the sentence entered. Upon remand, the defendant shall be given the option to withdraw his plea and go to trial or be resentenced within the guidelines.
Reversed and remanded with directions.
SCHWARTZ, C.J., and NESBITT, J., concur.

. The guidelines sentence called for imprisonment of twenty-two to twenty-three years. The judge entered a sentence of three years imprisonment, ten years probation.