182 So.2d 19 (1966)
Larry Anson BOYER, Appellant,
v.
STATE of Florida, Appellee.
No. 102.
District Court of Appeal of Florida. Fourth District.
January 11, 1966.
W.D. Frederick, Jr., Public Defender, and Joseph X. Dumond, Jr., Asst. Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The defendant, Larry Anson Boyer, appeals his conviction of robbery, breaking and entering with intent to commit a felony, aggravated assault and grand larceny.
At the trial the victim, as a prosecution witness, testified to the fact that when the defendant appeared in a police lineup he refused to speak or, at least, to speak audibly. It has been held that it is not a violation of the privilege against self-incrimination to compel one who is accused or suspected of a crime to speak for the purpose of identification in a police lineup and to allow a witness who heard the defendant speak to testify to such fact at the trial. Holt v. United States, 1910, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021; Hunt v. State, 1946, 248 Ala. 217, 27 So.2d 186; People v. Lopez, 1964, 60 Cal.2d 223, *20 32 Cal. Rptr. 424, 384 P.2d 16 (cert. den., 372 U.S. 994, 84 S.Ct. 634, 11 L.Ed.2d 480); Barrett v. State, 1950, 190 Tenn. 366, 229 S.W.2d 516, 18 A.L.R.2d 789.
To speak inaudibly or to speak without moving his lips would come within the same rule.
The other question raised is the sufficiency of the evidence. The evidence was entirely circumstantial. The defendant testified and attempted to establish an alibi. A careful examination of the record reveals that there was sufficient evidence to establish the guilt of the defendant beyond a reasonable doubt.
Affirmed.
SMITH, C.J., and ANDREWS and WALDEN, JJ., concur.