ERVIN, Chief Justice
(specially concurring) :
I agree to the judgment. It appears from items 6 and 7 of the stipulation Petitioner was questioned in custody by the police concerning incriminating facts and gave answers to them without prior Miranda warning. His answers so received were made a part of the State’s evidence at trial. I am not certain that eliciting mere “voice” identification in contradistinction to incriminatory testimonial evidence is proscribed by Miranda.
ON PETITION FOR MODIFICATION
CARLTON, Justice.
By Petition for Modification, respondent in this cause requests that this Court modify its opinion filed October 1, 1969, case number 38,274, to indicate that voice identification does not come under the privilege against self-incrimination and that, therefore, Miranda warnings are not needed before eliciting the same. Respondent cites as the basis for this request the following: United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967); Schoenbrun v. United States, 403 F.2d 56 (5th Cir. 1968).; People v. Ellis, 65 Cal.2d 529, 55 Cal.Rptr. 385, 421 P.2d 393 (Cal.1966) ; and Boyer v. State, 182 So.2d 19 (4th D.C.A.Fla.1966).
It was not our intention to hold, in the decision in this case previously filed, that mere voice identification requires Miranda warnings. Our discussion merely touched upon several incidents in the event reviewed, and was not meant to place emphasis on voice identification.
Respondent requests further that upon re-trial, “[T]he State should be permitted to elicit testimony from the victim that his identification was based in part on listening to petitioner’s voice, but it should be precluded from using the substance of what was said.”
*5 This request is granted. Our original opinion is to be considered as modified to the extent indicated herein.
It is so ordered.
ERVIN, C. J., and THORNAL, ADKINS and BOYD, JJ., concur.