316 So.2d 585 (1975)
Leonard JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 74-623.
District Court of Appeal of Florida, Fourth District.
July 31, 1975.
Donald P. Kohl of Kohl, Springer & Springer, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of (1) breaking and entering a dwelling house while armed with intent to commit a felony, to-wit: robbery, (2) robbery, and (3) larceny of a motor vehicle. He was sentenced to imprisonment for life on each of the first two and for five years on the last, all to run consecutively. No error has been demonstrated and the several judgments and the respective sentence on each are severally affirmed.
Appellant's first point is that it was error for the trial court to order him to speak a certain phrase (stated by the victim to have been said by the robber during the commission of the crime) in the presence of the victim for the purposes of voice identification by the latter, appellant contending that this was a violation of his constitutional right against self-incrimination. This point has been decided adversely to such a contention in a number of cases. See, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); United States v. Ryan, 478 F.2d 1008 (5th Cir. *586 1973); Higgins v. Wainwright, 424 F.2d 177 (5th Cir.1970), cert. den. 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970); Parkin v. State, 238 So.2d 817 (Fla. 1970); Boyer v. State, 182 So.2d 19 (4th DCA Fla. 1966).
Appellant's second point is somewhat related to the first. He contends that when he refused to speak a phrase as ordered by the court it was error for the court to permit the witness to state in the presence of the jury that the defendant had refused to speak the phrase as ordered by the court. There was no objection to the question as propounded to the witness, nor any motion to strike his answer, and thus there is no judicial error properly preserved upon which to raise this point. However, the point even if properly raised on appeal, is without merit. See, Higgins v. Wainwright, supra; Boyer v. State, supra.
Appellant's final point is that the three offenses, being all part of a "single transaction", required the court to impose a single sentence limited to that of the highest offense. There is no merit to this point. Appellant committed three separate and distinct crimes each complete in itself and related to the others only in that the several crimes involved the same victims and occurred on the same date. While armed, appellant broke and entered a dwelling house with an intent to commit robbery. That offense was complete upon the breaking and entering with the requisite intent. Appellant thereafter robbed the occupants of the dwelling. Upon leaving the house appellant stole the owners' motor vehicle which was parked on the premises. Each offense was separate and distinct and justified a separate sentence. See, Estevez v. State, Fla.Sup.Ct., 313 So.2d 692, opinion filed February 26, 1975; Pettigrew v. State, 295 So.2d 672 (4th DCA Fla. 1974); White v. State, 274 So.2d 6 (4th DCA Fla. 1973); State v. Conrad, 243 So.2d 174 (4th DCA Fla. 1971).
Affirmed.
WALDEN, C.J., and DOWNEY, J., concur.