367 So.2d 1088 (1979)
Bobby Earl LUSK, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1287.
District Court of Appeal of Florida, Third District.
February 27, 1979.
*1089 Bennett H. Brummer, Public Defender and Kurt Marmar, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
Rejecting the defendant Lusk's sole contention on appeal, we hold that the prosecutor's request that the defendant speak so that a witness then on the stand could identify his voice, was not an improper comment on an exercise of his constitutional right against self-incrimination. Although the request was made while the jury was present, and although Lusk did not himself testify, the cases cited by the defendant, e.g., Gordon v. State, 104 So.2d 524 (Fla. 1958), have utterly no application to this situation. Lusk's fifth amendment rights were simply not involved at all, because the privilege of "silence" does not extend to nor include the furnishing of physical, non-testimonial evidence such as the revelation of the sound of one's voice. United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Parkin v. State, 238 So.2d 817 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Joseph v. State, 316 So.2d 585 (Fla. 4th DCA 1975); Boyer v. State, 182 So.2d 19 (Fla. 4th DCA 1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2118, 18 L.Ed.2d 1353 (1967); Higgins v. Wainwright, 424 F.2d 177 (5th Cir.1970), cert. denied, 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970); Springer v. State, 372 N.E.2d 466, 472 (Ind. App. 1978); Doye v. State, 16 Md. App. 511, 299 A.2d 117 (1973).
Affirmed.