414 So.2d 207 (1982)
Richard COURSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-893.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Rehearing Denied June 18, 1982.
*208 Joel Hirschhorn and Harry M. Solomon, Miami, for appellant.
Jim Smith, Atty. Gen., and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Courson was charged in Count One with attempted first-degree murder and in Count Two with the display of a firearm during the commission of attempted first-degree murder. The charges arose when the police, responding to a call about shots being fired, were fired upon and, in the case of one officer, shot by the defendant. Courson was convicted on Count One of the "lesser-included offense" of aggravated assault with a firearm and acquitted on Count Two. Courson raises three points on appeal.
First, he contends that the prosecutor's remark, "may the record reflect the defendant was writing with his left hand in court" (made during the State's direct examination of a police officer concerning how the defendant was holding the gun when first observed), was a comment on the defendant's failure to testify. Courson argues that he was entitled to his requested mistrial, not merely the benign instruction to the jury to disregard the remark "concerning [the prosecutor's] observations of something the defendant was doing."
We agree that it is inappropriate for a prosecutor to attempt to transform his own, often unshared, courtroom observation into an evidentiary fact. See generally Annot., Prejudicial Effect of Prosecuting Attorney's Misconduct in Physically Exhibiting to Jury Objects or Items Not Introduced As Evidence, 46 A.L.R.2d 1423 (1956). It is clear, however, that the prosecutor could have sought by appropriate means to prove the undisputed issue of the defendant's left-handedness (for example, by requesting the court to have the defendant demonstrate this physical characteristic in the jury's presence)[1] without implicating, much less offending, any right of the defendant not to incriminate himself. See Lusk v. State, 367 So.2d 1088 (Fla. 3d DCA 1979) (prosecutor's request in jury's presence that the defendant speak so that the witness could identify defendant's voice approved against self-incrimination claim); Joseph v. State, 316 So.2d 585 (Fla. 4th DCA 1975) (same, including prosecutor's comment that a defendant refused to speak). See also United States v. Ryan, 478 F.2d 1008 (5th Cir.1973); Higgins v. Wainwright, 424 F.2d 177 (5th Cir.1968); Schoenbrun v. United States, 403 F.2d 56 (5th Cir.1968); Pearson v. United States, 389 F.2d 684 (5th Cir.1968). While a prosecutor's comment describing a nontestifying defendant as "sitting quietly" is fairly susceptible to being construed as a comment *209 on such a defendant's failure to testify, see Hall v. State, 364 So.2d 866 (Fla. 1st DCA 1978), that is hardly authority, as the defendant suggests, for the proposition that calling a defendant left-handed  or, for that matter, tall, stout, or green-eyed  is susceptible of the same construction.
Next, Courson argues that because Count One of the information charging him with attempted first-degree murder contained no specific allegation that the alleged victim was placed in fear,[2] aggravated assault with a deadly weapon was not a lesser-included offense of attempted first-degree murder, and it was improper to instruct the jury thereon. Whether or not the instruction was proper under the circumstances of this case, compare Cherry v. State, 389 So.2d 1201 (Fla. 1st DCA 1980), with Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978), the error, if any, in the giving of the instruction was not preserved for our review by appropriate objection below.
At the beginning of the charge conference, the defendant's counsel objected to the giving of any lesser-included offense instructions. The prosecutor then called to the court's attention ("so we do not have a problem here") that the defense objection to lesser-included offense instructions was all-encompassing and non-specific. Despite being thus forewarned, the defense said nothing. Indeed, defense counsel remained silent when the prosecutor, requesting the lesser-included offense of aggravated battery, noted that because "there's some feeling that it's not a lesser included, because I did not sufficiently allege a battery," he wanted the matter fully aired and discussed by the defendant. Only after the prosecutor, in uninterrupted succession, requested instructions on the lesser offenses of attempted second-degree murder, attempted manslaughter, aggravated battery, and aggravated assault was defense counsel's silence broken with the words, "We object." The defense's only other, and last, words before the case went to the jury were, "I would renew my motion on the giving of all lesser included offenses."
It was not until after the jury found the defendant guilty of aggravated assault with a firearm that defense counsel stated that there was "absolutely no testimony in the record one way or the other to show that the defendant committed an aggravated assault." And it was not until a still later motion in arrest of judgment that defense counsel first registered any complaint that neither the allegata nor probata of the attempted first-degree murder charge permitted aggravated assault to be considered as a Category Four lesser-included offense under Brown v. State, 206 So.2d 377 (Fla. 1968).
Therefore, it is true, as the prosecutor forewarned, that the defense has "a problem here." It is quite clear that to preserve for appellate review an objection to the giving or the failure to give an instruction, a defendant must state distinctly the matter to which he objects and the grounds of his objection. Fla.R.Crim.P. 3.390. See Williams v. State, 399 So.2d 999 (Fla. 3d DCA 1981); Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980); York v. State, 232 So.2d 767 (Fla. 4th DCA 1969). An objection to the giving of all lesser-included offense instructions is not sufficiently "distinctive" where, as here, at least some of these included offense instructions are proper. Thus, even if, arguendo, it was error to instruct the jury on the offense of aggravated assault with a firearm, the error is not fundamental, Wilson v. State, supra, where, as here, aggravated assault with a firearm could have been, given proper allegations, an included offense of the first-degree murder charge, and there was sufficient evidence upon which to convict on such included offense. Compare Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969). While Courson may have wanted the jury to decide the case by either convicting him of the charge contained in the information *210 or nothing at all, that option is not his. State v. Washington, 268 So.2d 901 (Fla. 1972). It follows, of course, that since no specific objection was made, no grounds were stated. Accordingly, since the trial court was not presented with an opportunity to rule, the defendant cannot be heard to complain on appeal. See Blow v. State, 386 So.2d 872 (Fla. 1st DCA 1980) (defendant's duty to object and state grounds requires that defendant, if claim is that lesser offense is not Category Four crime, so inform trial court); Wilson v. State, supra.
Lastly, Courson insists that his conviction for aggravated assault with a firearm is legally inconsistent with the jury's verdict acquitting him of the offense of displaying a weapon during the commission of attempted murder and must be vacated. To the extent that the verdicts are inconsistent, they are not legally so, and the conviction may stand. McCloud v. State, 335 So.2d 257 (Fla. 1976). See Damon v. State, 397 So.2d 1224, 1228 n. 10 (Fla. 3d DCA 1981). Compare Mahaun v. State, 377 So.2d 1158 (Fla. 1979).
Affirmed.
NOTES
[1] Indeed, in defense of his comment the prosecutor stated that he could have requested the defendant to write or do some other activity requiring the use of hands to show the defendant's left-handedness. The defendant makes no claim that the prosecutor inaccurately described his observations.
[2] Count One reads, in pertinent part, that the defendant "with felonious intent and from a premeditated design to effect the death of a human being, attempted to kill [the named victim]... and in such attempt did shoot him with a shotgun... ."