PER CURIAM.
Jack Richardson appeals his conviction for armed robbery, contending that an evi-dentiary error requires reversal. We disagree and affirm.
At trial, the victim was asked to draw a diagram of the robbery area on a blackboard, which he did in the presence of the jury. Eventually the question whether the witness was left-handed or right-handed became an issue in the case. When defendant Richardson took the stand, the prosecutor asked, “Did you see that he [the victim] was writing with his left hand?” The defendant’s objection was overruled and the defendant answered in the affirmative-
Defendant contends his objection should have been sustained under Courson v. State, 414 So.2d 207, 208 (Fla. 3d DCA 1982). In Courson the prosecutor attempted to establish the fact of a nontestifying defendant’s left-handedness by stating (while another witness was testifying) “ ‘may the record reflect the defendant was writing with his left hand in court’.... ” Id. The concern underlying Courson is “that it is inappropriate for a prosecutor to attempt to transform his own, often unshared, courtroom observation into an evi-dentiary fact.” Id. (citation omitted).
Courson does not prevent the prosecutor’s asking a witness a question about something which has occurred in open court. So long as there is a good faith basis for the question, the fact that the question is asked does not mean that the prosecutor is announcing evidentiary facts as was done in Courson. In the present case it was permissible for the prosecutor to ask this (testifying) defendant what he observed in open court; after the objection was overruled, the defendant acknowledged that the prosecutor was correct.
Affirmed.