588 So.2d 694 (1991)
Larry COTTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2620.
District Court of Appeal of Florida, Third District.
November 19, 1991.
*695 Bennett H. Brummer, Public Defender and Cynthia A. Greenfield, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.

CORRECTED OPINION
PER CURIAM.
The defendant, Larry Cotton, appeals his conviction for armed robbery and the sentence imposed pursuant to the habitual violent felony offender statute. We affirm the conviction,[1] but reverse the sentence and remand for a new sentencing hearing.
The trial court found the defendant to be a habitual violent felony offender. Thereafter, the State represented to the trial court that pursuant to Section 775.084(4)(b), Florida Statutes (1989),[2] it had no alternative but to sentence the defendant to a life sentence with a minimum of fifteen years.[3] The record is not clear as to whether the trial court accepted the State's argument that it did not have discretion in sentencing the defendant. The trial court sentenced the defendant to a life sentence with a minimum of fifteen years.
The defendant contends that the State incorrectly argued to the trial court that it had no choice but to sentence the defendant to life with a minimum of fifteen years. We agree.
The language in section 775.084(4)(b), which states that "[t]he court ... may sentence the habitual violent felony offender as follows: ... ." (emphasis added), is permissive. Therefore, the trial court has discretion when sentencing a defendant pursuant to this statute. See generally, Henry v. State, 581 So.2d 928 (Fla.3d DCA 1991). Thus, the defendant's sentence is vacated and remanded for a new sentencing hearing. On remand, the trial court may, within its discretion, reimpose the present sentence or impose a lesser sentence.
We certify conflict with State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 166 (Fla. 1991); and Donald v. State, 562 So.2d 792 (Fla. *696 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991).
Conviction affirmed; sentence reversed and remanded for a new sentencing hearing.
NOTES
[1] The defendant's conviction is affirmed based on the authority of Richardson v. State, 583 So.2d 805 (Fla.3d DCA 1991).
[2] Section 775.084(4)(b), Florida Statutes (1989), reads in pertinent part as follows:

The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
[3] The State argued to the trial court as follows:

That being the case, since the jury found him guilty of first degree felony punishable by life, under statute 775.084 subsection four A, excuse me, four B, the Court in the case of a felony in the first degree, the Defendant is to be sentenced for life and such offender should not be eligible for release for 15 years.
That is the sentence for violent felony, habitual offender, life with a minimum of 15. No discretion to give him anything other that [sic]. (emphasis added).