United States Court of Appeals,

Eleventh Circuit

No. 94-4597.

Bobby Earl LUSK, Petitioner-Appellant,

v.

Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent-Appellee.

May 15, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 92-2620 CIV-SM), Stanley Marcus, Judge.

Before HATCHETT, Chief Judge, DUBINA, Circuit Judge, and COHILL[*], Senior District Judge.

HATCHETT, Chief Judge:

The appellant, Bobby Earl Lusk, appeals the district court's ruling that he is not entitled to habeas corpus relief due to a state procedural bar. We affirm.

BACKGROUND

On January 26, 1977, a grand jury indicted Lusk on one count of first degree murder and two counts of robbery. During the pretrial proceedings, three psychiatrists found Lusk competent to stand trial, and one of the three psychiatrists recommended psychological testing to confirm his determination. In May, 1977, a jury convicted Lusk on all three counts and recommended a sentence of death. The trial court overrode the jury recommendation and sentenced Lusk to life imprisonment with twenty-five year minimum mandatory term on the murder and to two

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

consecutive life sentences on the robberies.

Lusk appealed his conviction challenging whether the trial court erred in denying his repeated motions for mistrial on grounds of prosecutorial misconduct.[1] On February 27, 1979, the Third District Court of Appeal affirmed the trial court. *Lusk v. State,* 367 So.2d 1088 (Fla.3d D.C.A.1979).

In 1978, while in prison, Lusk murdered a fellow inmate. For this murder a conviction resulted and a sentence of death. Lusk appealed, and the Third District Court of Appeal affirmed. *Lusk v. State,* 446 So.2d 1038 (Fla.), *cert. denied,* 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). The trial court denied Lusk's motion under Florida Rule of Criminal Procedure 3.850, and the state district court of appeal affirmed. *Lusk v. State,* 498 So.2d 902 (Fla.), *cert. denied,* 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 517 (1987). Lusk then filed a federal habeas corpus petition that the district court granted vacating his death sentence. On appeal, this court reversed and reinstated Lusk's death sentence. *See Lusk v. Dugger,* 890 F.2d 332, 334 (11th Cir.1989), *reh'g denied,* 894 F.2d 414 (11th Cir.), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 805 (1990).

In 1991, Lusk filed a Rule 3.850 motion attacking his 1977 convictions on several grounds: incompetence; failure to hold a competency hearing; prosecutorial misconduct; and ineffective assistance of counsel for failure to object to the prosecutor's comments. After a non-evidentiary telephonic hearing, the trial

---

[1]On June 10, 1977, Lusk filed a *pro se* petition for a writ of habeas corpus in the trial court. That petition, however, was withdrawn on June 29, 1977.

court denied the motion, holding that Rule 3.850 required Lusk to file his motion before 1987, and that Lusk's belated motion did not fall within the exception to that rule's time limitations period. The trial court also reviewed the record and found that Lusk had been properly adjudicated competent. Lusk appealed the trial court's denial, and the state district court of appeal affirmed. Lusk then filed this habeas corpus petition in the federal district court, raising the same claims as in his state Rule 3.850 action and requesting an evidentiary hearing. Following the magistrate judge's report and recommendation, the district court denied Lusk's petition for writ of habeas corpus on grounds of the state procedural bar under Rule 3.850.

## ISSUE

Whether the district court erred in denying habeas corpus relief on grounds of a state procedural bar without holding an evidentiary hearing.

## DISCUSSION

On appeal, Lusk argues that the district court erred in finding his claims procedurally barred without conducting an evidentiary hearing into the facts underlying the state procedural bar. Lusk, the state maintains, could have through due diligence discovered the issues raised in his petition before those issues became time barred under Florida Rule of Criminal Procedure 3.850. Whether a petitioner's actions or inaction creates a state law procedural bar of particular claims is a mixed question of law and fact. Therefore, we review the district court's determination that Lusk was procedurally barred from raising his claims in federal

court *de novo.*  *Tower v. Phillips,* 7 F.3d 206, 210 (11th Cir.1993). Additionally, we review the district court's decision applying the cause and prejudice rules to the procedural bar issues *de novo.* *Macklin v. Singletary,* 24 F.3d 1307, 1312-1313 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).

The procedural bar of Rule 3.850 involves the following time limitations:

> No ... motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence becomes final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

Fla.R.Crim.Pro. 3.850(b).  Lusk unquestionably failed to meet the two-year deadline, and consequently, he alleged that the first exception, Rule 3.850(b)(1), applies.  To meet that exception, Lusk had to prove that the facts underlying his claims were unknown and could not have been discovered through the exercise of due diligence.  *See, e.g., Porter v. Singletary,* 653 So.2d 374 (Fla.1995), *cert. denied,* --- U.S. ----, 115 S.Ct. 1816, 131 L.Ed.2d 739 (1995).

Upon review of the facts and circumstances here, we hold that Lusk has failed to meet the exception expressed in Rule 3.850(b)(1).  Because Lusk has had repeated legal representation since his 1977 conviction, through due diligence, Lusk or his various lawyers should have known about the competency issue.  In

fact, Lusk's lawyer in the 1977 conviction knew of the competency determination and stipulated at trial to the three psychiatric reports that found Lusk competent. In subsequent appeals of that conviction, none of Lusk's lawyers addressed the competency claims before the effect of the procedural bar. We conclude that Lusk's competency challenge could have been raised before the issue became procedurally barred under Rule 3.850.

Lusk also argues that even if the procedural bar stands, he has demonstrated cause for and prejudice resulting from the default, or at a minimum, he has raised issues of fact that warrant an evidentiary hearing into cause and prejudice. In the face of three psychiatric reports finding Lusk competent to stand trial, we conclude, however, that the district court did not err in finding no cause and prejudice, and consequently, in denying habeas corpus relief to Lusk without an evidentiary hearing. *Walker v. Davis,* 840 F.2d 834, 839-840 (11th Cir.1988).[2] Accordingly, we affirm the district court's decision that a state procedural bar precludes

---

[2]See Fla.R.Crim.Pro. 3.210(b). Rule 3.210(b) provides that

> [i]f, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.

Here, the record reflects that Lusk received the maximum number of experts allowed under the rule, and all three experts found him competent.

federal habeas corpus review of Lusk's claims.

AFFIRMED.