# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1486
Lower Tribunal No. 01-32375
_____

**Jacques Edward,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ and LOGUE, JJ.

EMAS, C.J.

Jacques Edward appeals from a de novo resentencing hearing at which a successor judge found that Edward qualified as a habitual violent felony offender and sentenced him to forty years in state prison, the exact same sentence imposed by the original trial court judge.

On appeal, Edward contends that the successor judge failed to exercise her discretion in fashioning the appropriate sentence at this "clean slate" resentencing proceeding, and instead simply re-imposed the sentence imposed at the original sentencing. Edward asserts that the successor judge appeared to be under the belief she did not have the same discretion that the original judge had in determining the appropriate sentence to impose on Edward. We agree.

Upon our review of the record, including the transcript of the resentencing hearing, we conclude that the successor judge was indeed under the impression that, once it concluded that Edward qualified as a habitual violent felony offender,[1] she should defer to the sentence imposed by the original judge. At the conclusion of the resentencing hearing, and after entertaining defense counsel's argument for a

---

[1] We reject Edward's additional claim that his forty-year sentence (with a fifteen-year mandatory minimum) as a habitual violent felony offender was illegal. Edward's prior conviction and prison sentence in F91-36012 alone qualified him to be sentenced in the instant case as a habitual violent felony offender under section 775.084(2), Florida Statutes (2001). However, Edward is correct that the trial court erred in relying upon F92-39428A; it was not a "qualified offense" under the habitual violent felony offender statute, because the instant offense was not "committed within 5 years of the defendant's release from a prison sentence . . . that is imposed as a result of a prior conviction for an enumerated felony," as required under section 775.084(1)(b)2.b.

2

lesser sentence, the successor judge made the following statements immediately before imposing the same forty-year sentence imposed by the original judge:

> [Defense counsel], while I am going to agree with you that forty years is an awfully long time for what appears to be trafficking of a quarter of a kilo of cocaine, *we're here today only because [the original judge's] pronouncement of the defendant's sentence was not clear*.
>
> I don't see a reason, *whereby, I can or should substitute my thoughts for that of the trial judge,* who had the opportunity to view the defendant and the proceedings years ago.

(Emphasis added).

Edward's attorney reminded the successor judge that this was a de novo resentencing, and that she possessed the same discretion as the original judge and was not limited or constrained by the original judge's forty-year sentence. The successor judge, however, appeared to reject this position:

> No. I think [the original judge] had ample opportunity to view the case and ample opportunity to be there for the proceedings, so I don't see that you have presented sufficient evidence to have me change that [].

A de novo resentencing means the defendant is entitled to a new sentencing hearing with "the full array of due process rights." State v. Collins, 985 So. 2d 985, 989 (Fla. 2008). A de novo resentencing "must be a 'clean slate,' meaning that the defendant's vacated sentence becomes a 'nullity' and his resentencing should proceed de novo on all issues bearing on the proper sentence." Galindez v. State, 955 So. 2d 517, 525 (Fla. 2007). Importantly for our purposes, this means

3

that the trial court "is under no obligation to make the same findings as those made in a prior sentencing proceeding." Morton v. State, 789 So. 2d 324, 334 (Fla. 2001).

As applied in the instant case it means that, while the trial court must declare Edward to be a habitual violent felony offender if the State proves he meets the statutory criteria, the trial court nevertheless retains the discretion not to impose a habitual violent felony offender sentence. See § 775.084(3)(b) (providing: "The court, in conformity with the procedure established in paragraph (3)(a), *may* sentence the habitual violent felony offender as follows . . . ") (emphasis added); State v. Hudson, 698 So. 2d 831 (Fla. 1997); Cotton v. State, 588 So. 2d 694 (Fla. 3d DCA 1991); Wright v. State, 599 So. 2d 179 (Fla. 2d DCA 1992).

It also means that the original judge's sentence was not binding in any way on the successor judge's determination of an appropriate sentence at the de novo resentencing. The transcript of the resentencing in the instant case reflects that the successor judge mistakenly believed that, upon determining that Edward qualified as a habitual violent felony offender, she should re-impose the same sentence imposed by the original judge, according the original sentence a presumption of correctness which had to be overcome by the defense at the resentencing. This was erroneous, and the successor judge was instead required to treat this as a clean

4

slate sentencing, consider the evidence and the arguments anew, and independently determine the appropriate sentence.

We therefore vacate the sentence, and reverse and remand for a de novo resentencing. And because we are remanding (and to minimize the likelihood that it will return to us on this same issue), we point out (as discussed *supra* at note 1) that the trial court improperly found Edward's prior felony conviction in F92-39428A to be a qualifying offense under the habitual violent felony offender statute. Edward was released from his prison sentence for that offense more than five years prior to the commission of the instant offense. Although the trial court also (and properly) found Edward's prior offense and prison sentence in F91-36012 qualified him as a habitual violent felony offender, it is unclear from the transcript of the proceedings whether the trial court relied upon both offenses in imposing sentence. Upon remand and at the de novo resentencing, the trial court shall not rely upon F92-39428A as a qualifying offense under the habitual violent felony offender statute.

Reversed and remanded with directions to conduct a de novo resentencing, at which Edward shall be present and represented by counsel.